1  Peter Johnson 165523
   Law Office of Johnson & Johnson
2  801 Ygnacio Valley Rd., Ste. 230
   Walnut Creek, CA 94596
3  (t) 925.952.8900
   (f) 925.952.8902
4  jjlaw2@earthlink.net

5  Attorney for Plaintiffs

6

7              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
8

9  JOHN BURNS, TAMMY BURNS, BOBBY          Case No.
   LAWRENCE, ESTATE OF CHARLES
10 BURNS by TAMMY BURNS, Personal          COMPLAINT FOR DAMAGES
   Representative of the Estate of Charles Burns.    DEMAND FOR JURY TRIAL
11

12         Plaintiffs,

13              v.

14 CITY OF CONCORD, CONCORD POLICE
   DEPARTMENT, CHIEF GUY SWANGER,
15 COUNTY OF CONTRA COSTA, CONTRA
   COSTA COUNTY DISTRICT ATTORNEY'S
16 OFFICE, DISTRICT ATTORNEY MARK
   PETERSON, JAMES NAKAYAMA, MIKE
17 HANSEN and Does 1 through 60, inclusive.

18         Defendants.

19

20

21                    **JURISDICTION and VENUE**

22    1.  This is an action for monetary damages brought pursuant to Title 42 U.S.C. section 1983,

23        1985 and 1988, and the Fourth and Fourteenth Amendments to the United States

24        Constitution and under the common law of the State of California, and the California

25        State Constitution against the City of Concord (Concord Police Department), and against

                                    1

Concord Police Officers, and the Contra Costa County (Contra Costa District Attorney's Office) and it representatives.

2. Jurisdiction is based on the fact that this case involves a federal question regarding violation of civil rights under federal law under the 4th and 14th amendments to the US Constitution, 42 USC section 1983, 1988 and under 28 USC section 1331 and 1343; The court has supplemental jurisdiction under 28 USC section 1367(a);

3. It is alleged that the individual police officer defendants:

    a. On May 10, 2013 defendants used excessive, unjustified and unreasonable lethal force against Charles Burns, killing him;

    b. On the same date and time defendants used excessive, unjustified and unreasonable force in seizing plaintiff, Bobby Lawrence;

    c. The unlawful use of excessive force occurred within Contra Costa County, State of California.

4. Charles Burns is deceased. Prior to be killed by the police on May 10, 2013 he was a 20 year old male residing in Contra Costa County;

5. Plaintiff, Bobby Lawrence is an adult male and resided in Bay Point, Contra Costa County at the time of the subject incident;

6. Plaintiff, Tammie Burns, the natural mother of deceased Charles Burns was at all times an adult resident of Bay Point, Contra Costa County;

7. Plaintiff, Estate of Charles Burns, is represented by Tammie Burns appointed Personal Representative of the Estate of Charles Burns;

8. Plaintiff, John Burns, is the natural father of deceased Charles Burns and was at all times relevant an adult resident of Bay Point, Contra Costa County;

9. Defendant, James Nakayama at all times relevant herein was a Detective with the Concord Police Department. Nakayama's conduct as alleged in this complaint occurred during performance of his duties as an employee of the City of Concord. Nakayama acted on behalf of the City of Concord, individually and in concert with other defendant named and unnamed herein; and under color of law, to wit the statutes, ordinances, regulations, policies, customs and usages of the State of California, and City of Concord;

10. Defendant, Mike Hansen at all times relevant herein was a Police Officer with the Concord Police Department. Hansen's conduct as alleged in this complaint occurred during performance of his duties as an employee of the City of Concord. Hansen acted on behalf of the City of Concord, individually and in concert with other defendants named and unnamed herein; and under color of law, to wit the statutes, ordinances, regulations, policies, customs and usages of the State of California, and City of Concord;

11. Defendants, Does 1 through 20 are Concord Police Officers, were at all times relevant to this Complaint duly appointed and acting officers of the police department of the City of Concord, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of California and/or City of Concord;

12. Defendant, Guy Swanger, is the Chief of Police for the City of Concord and is sued in his individual and official capacity. Chief Swanger acted on behalf of the City of Concord, individually and in concert with other defendants named and unnamed herein; and under color of law, to wit the statutes, ordinances, regulations, policies, customs and usages of the State of California, and City of Concord;

3

13. The three police officers identified herein as the "Firing Squad Three" were at all times herein employed by the City of Concord. The identity and names of these officers is not known at this time. They are being sued as Doe 1, Doe 2 and Doe 3. Plaintiffs will amend this complaint upon discovery of their true names and identity. Each of them is being sued in their individual capacities;

14. The two other shooters, identified herein as "Two Shooters" were at all times herein employed by the City of Concord. The identity and names of these officers is not known at this time. They are being sued as Doe 4 and Doe 5. Plaintiffs will amend this complaint upon discovery of their true names and identity. Each of them is being sued in their individual capacities;

15. The K-9 Officer, identified herein as "K-9 Officer" was at all times employed by the City of Concord. The identity and name of the K-9 Officer and the K-9 is not known at this time. The K-9 Officer is being sued as Doe 6. Plaintiffs will amend this complaint upon discovery of their true names and identity. The K-9 Officer is being sued in his/her individual capacity;

16. The Contra Costa District Attorney's Office is a department or division within the public entity of Contra Costa County and at all times relevant herein the employees and agents of the Contra Costa District Attorney's Office were acting on behalf of the County of Contra Costa, according to the policies and procedures of that office, under the color of law;

17. Mark Peterson is the District Attorney for the County of Contra Costa. Peterson is sued in his official capacity. Mark Peterson is a Policy Maker within the Office of the District Attorney for the County of Contra Costa;

18. Investigators and other employees of the Contra Costa District Attorney's Office were at all times employed by the County of Contra Costa. The representatives of the Contra Costa County District Attorney's Office are sued herein as Does 21-30; At all times mentioned herein, the representatives of the Contra Costa District Attorney's Office were acting in an investigative capacity and were implementing internal policies and procedures of the District Attorney's Office consistent with their training. The subject policies and procedures purpose is facilitation of local police agencies control of investigations related to police misconduct within their agency, facilitating their efforts to conceal their officer's misconduct. All representatives of the District Attorney's Office were acting under color of law;

19. The name and identity of the "District Attorney Point Man" referred to herein is unknown at this time. He/she is currently being sued as Doe 21. Plaintiffs will amend this complaint as soon as his/her true name and identity is discovered. At all times relevant he/she was employed by and acting on behalf of the County of Contra Costa;

20. The City of Concord is a municipal corporation and the public employer of each of the defendants, City of Concord Police Officers;

21. The County of Contra Costa is a public employer of each of the defendants, District Attorney's Office personnel;

22. The City of Antioch and Antioch Police Department are believed to have played a significant role in the events alleged herein. However due to the fact that no reports have been released by the police departments or district attorney's office, the extent of their involvement remains unclear. The plaintiffs will amend this complaint upon learning of the role of the Antioch Police department;

23. At all times relevant herein, all defendants were acting in concert and conspired with one another and were jointly and severally liable for the injuries to plaintiffs herein;

24. Does 31-60 at all times relevant herein are the employees, agents or representatives of the defendants named herein and the City of Antioch. Does 31-60 at all times were acting in the course and scope of that employment or agency and were authorized to act on behalf of the other defendants;

25. At all times relevant herein, all defendants were acting as agents of the other defendants, authorized to act thereby and were acting within the course and scope of said agency.

## GENERAL ALLEGATIONS

26. At the time of drafting this initial complaint the Concord Police Department, and their representatives have acted in a "shroud of secrecy" in concert with the Antioch Police Department and the Contra Costa District Attorney's Office and their representatives with regard to the specific individuals involved and their specific roles in the seizure and killing alleged in this complaint. As such, the plaintiffs have identified certain persons as Doe Defendants and will amend the complaint at such time as the information is made available to the plaintiffs or public. Plaintiffs have specifically requested access to the police reports related to the subject incident but have been denied such access;

27. On May 10, 2013 defendant Police Officers committed a heinous act of intentionally and maliciously killing Charles Burns;

28. On that date and time Officers from the Concord Police Department acting with the permission of the City of Antioch, the Police Department, within the city limits of Antioch, planned a surveillance and undercover operation with the intent of arresting and harming Charles Burns. Charles Burns and Bobby Lawrence had exited Charles place of

residence headed to Wal-Mart for a Mother's Day card. They entered Lawrence's

vehicle and then inexplicably an unmarked vehicle driven by an undercover Concord

Police Officer drove toward their vehicle to block its movement; the officer pointing the

gun at them. Due to the fact that the officer was undercover and was driving an

undercover vehicle and drove towards Lawrence's vehicle without identification or

warning while pointing a gun at the driver of the vehicle, Lawrence attempted to drive

down the street to safety. As Lawrence drove down the street towards his perceived

direction of safety another undercover vehicle, driven by an undercover officer rammed

his vehicle; Lawrence then after having a gun pointed at him by an unknown assailant

and being rammed by a vehicle driven by another unknown assailant attempted to avoid

the vehicle and tried to continue down the path towards safety; when his vehicle was then

rammed by another unmarked vehicle driven by another undercover officer; Lawrence

then continued trying to escape this onslaught of unknown assailants. As Lawrence

rounded Barcelona Cir., in Antioch, CA, the street on which he was traveling one of the

unmarked vehicles driven by an undercover officer continued to ram him from the rear.

It was not until Lawrence got to the stop sign at the end of the circle that, for the first

time, there was identification that the assailants were the police. Lawrence stopped the

vehicle, which was then rammed again by the undercover officer driving the vehicle

behind Lawrence's. Burns, the passenger exited the vehicle and jogged approximately 20

feet to the middle of the road where he then stopped at the instruction of the police. Burns

was not armed and carried no weapon or anything that could be construed as a weapon.

Burns took no aggressive action but rather yielded to the officers and cowered his

shoulders. Three officers from the Concord Police Department lined up in firing squad

execution fashion and unloaded their weapons on the defenseless burns with full intent to

execute him. The "Firing Squad Three" were then joined by one or two other officers, the

"Two Shooters", from the Concord Police Department in killing Burns by likewise

shooting the defenseless man. The unknown shooters from the Concord Police

Department continued to shoot burns despite the fact that he was laying lifeless or near

lifeless on the ground including shooting a bullet through the top of his skull and through

his brain. Another Concord Police Officer (K-9 officer) then released a Concord Police

K-9 (name of K-9 still unknown) for the purpose of further maiming Burn's lifeless body

as he lay in a pool of his own blood brought on by the onslaught. No effort was made to

stop the dog from biting Burns and as his limbs flailed from the dogs attack the officers

stood by and watched. Ultimately the dog's handler came and pulled the dog away.  One

of the "Firing Squad Three" then walked forward and stood over Burns' lifeless body as

he lay in the pool of his own blood, full of bullet holes throughout his body, maimed by

the police dog and fired an additional round into Burns body out of pure malice and spite.

At no time did the officers consider or employ any means of addressing the situation with

force short of lethal force, despite the fact that lethal force was not necessary nor

warranted under the circumstances.  The officers did in fact carry out what they had

intended or desired, infliction of lethal force upon plaintiff Charles Burns;

29. The officers in this case created a situation of peril by their conduct and then exacerbated

the situation by using lethal force when there was no legal basis, nor practical

requirement for use of lethal force;

30. While the acts described in paragraph 27 above were occurring, Lawrence was pulled out

of his vehicle, dragged across the street and shoved into a fence where he was held down,

roughed up and ridiculed despite providing no resistance. Lawrence was arrested without cause or legal justification. Lawrence was then taken to the police station where officers subjected him to aggressive and unwarranted harassment in an effort to elicit false, misleading information from him. Lawrence was blamed for the death of his friend, was screamed at, yelled at, and intimidated by several Concord Police Officers. The purpose and intent of the conduct of the officers was to intimidate Lawrence, a young man just 20 years old, into providing a statement that would conceal the true unlawful and heinous conduct of the officers and cast blame on Lawrence and Burns. Lawrence was subjected to hours of unlawful and disturbing interrogation and ultimately released after having to post bail;

31. While Lawrence was taken away and interrogated, several Concord Police Officers acting in concert with the Antioch Police Department, the Contra Costa County District Attorneys Office and the Contra Costa County Sheriff's Criminalist Division to secure the scene and Charles Burns' body in an effort to conceal their unlawful and malicious conduct;

32. No effort was ever made by any law enforcement representative to provide emergency aid to Burns or contact any third party emergency aid provider. Rather, the officers stood around and laughed and joked while Burns body lie open to the public for several hours just feet away. At some point a representative of the District Attorney's office (the District Attorney Point Man) showed up and one by one the officers entered the vehicle where the District Attorney's Point Man was seated and the groundwork was laid for fabricating the story for public consumption and concealing the truth regarding the killing of Charles Burns;

9

33. A "shroud of secrecy" then ensued and has continued up until the time of the drafting of this initial complaint. The Concord Police Officers took several months to carry out the coordinated effort to complete their reports, and did so as a concerted action with representatives from the Contra Costa County District Attorney's Office. Plaintiffs are informed and believe and thereon allege that the product of the defendants' concerted concealment efforts is a cover-up of the heinous acts of the Concord Police Officers on May 10, 2013 in the slaying of Charles Burns. This concerted effort was made possible based on an internal policy within the Contra Costa District Attorney's office, giving control to local police departments' for misconduct/shooting investigations involving officers from that department. This concerted effort was made further possible by the fact that the District Attorney, Mark Peterson, received substantial donations and support from the Concord Police Department during his campaign for District Attorney. As a result he directed his office to takes steps to facilitate the cover-up of the Concord Police Officer's misconduct in this case;

34. Plaintiffs requested the District Attorney's Office and the Concord Police Department turn this investigation over to a more neutral third party based on the obvious conflicts for each of these agencies. Having knowledge that involving a more neutral third party investigative agency would expose the misconduct by the officers, the Concord Police Department and District Attorney's Office continued their concerted effort to conceal the misconduct;

35. At all times herein the defendants acted with reckless and deliberate indifference to the constitutional rights of plaintiffs;

10

36. Plaintiffs timely served a California Tort Claims on the City of Concord, City of Antioch, and County of Contra Costa. The City of Concord and Contra Costa County denied the claims and the City of Antioch denied the claim by operation of law by not denying or granting the claim within 150 days of being served with the claim. The California Tort Actions filed in this complaint are done so timely relative to the California Tort Claims Act;

37. Plaintiffs have incurred and will continue to incur substantial attorney's fees and costs associated with prosecuting these lawful claims;

## FIRST CAUSE OF ACTION

### 42 U.S.C. 1983 Against Individual Defendants
### Burns Plaintiffs

38. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth herein;

39. Plaintiffs claims damages for the injuries set forth above under 42 U.S.C. 1983 against the Individual Officer defendants for violation of their constitutional rights under color of law. The Officers committed an unlawful seizure and used excessive force through lethal force in violation of the 4th amendment of the U.S. Constitution and denied plaintiffs the rights to familial association in violation of the 14th amendment of the U.S. Constitution;

40. Plaintiffs have suffered substantial mental suffering, humiliation, and loss of life. Plaintiffs' damages include economic and non-economic damages. The conduct of defendants was reckless, malicious and deliberately in violation of plaintiffs constitutional rights;

41. Wherefore plaintiffs pray as hereinafter specified;

## SECOND CAUSE OF ACTION

### 42 U.S.C. 1983 Against Individual Defendants
### Plaintiff Lawrence

42. Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth herein;

43. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. 1983 against the Individual Officer defendants for violation of his constitutional rights under color of law. Defendants have violated plaintiff's 4th amendment and 14th amendment rights by illegal detention, prolonged unjustified detention, unlawful arrest and false imprisonment;

44. Plaintiff has suffered substantial mental suffering, mental anguish and humiliation. Plaintiff's damages include economic and non-economic damages. The conduct of defendants was reckless, malicious and deliberately in violation of plaintiff's constitutional rights;

45. Whereas Plaintiffs pray as hereinafter specified;

## THIRD CAUSE OF ACTION

### (Conspiracy To Violate Civil Rights—42 U.S.C.1985 (3); 42 U.S.C. 1983)
### ALL DEFENDANTS

46. Paragraphs 1 through 45 are incorporated herein by reference as though fully set forth herein;

47. Defendants conspired to violate Plaintiffs' civil rights as set forth above;

48. In addition the defendant Officers were at all times in a position to prevent the violation of Plaintiffs' civil rights from occurring but failed to take any action to do so, despite the duty of their office to protect citizens;

49. As a result of acts in furtherance of the object of the conspiracy, Plaintiffs suffered deprivation of his their rights and suffered physical and emotional damages as aforesaid;

50. Plaintiffs have suffered substantial mental suffering, humiliation and loss of life. Plaintiffs' damages include economic and non-economic damages. The conduct of defendants was reckless, malicious and deliberately in violation of plaintiffs constitutional rights;

51. Wherefore Plaintiffs pray as hereinafter specified.

## FOURTH CAUSE OF ACTION

### 42 U.S.C. 1983 Against Defendants City of Concord, Chief Swanger

52. Paragraphs 1 through 51 are incorporated herein by reference as though fully set forth herein.

53. Prior to and including May 10, 2013 and thereafter, the City of Concord developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in contact with Concord Police Officers, which caused violation of Plaintiffs' rights;

54. It was the policy and/or custom of the City of Concord to inadequately supervise and train its police officers, including the defendant Officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Concord did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct involving excessive force and false arrest.

13

55. The City of Concord did not require appropriate in-service training of officers on issues of use of force, use of lethal force, arrest procedures, execution of warrants, and other related duties.

56. The City of Concord had prior knowledge of the propensity of the Individual Officers to engage in unlawful acts in violation of persons constitutional rights and yet continued to employ them in such capacity that they were able to engage in the alleged conduct unfettered by lawful limitations that should have be placed upon them;

57. Chief Swanger authorized, directed, and ratified the actions of the Individual defendant Officers; Chief Swanger is a policy maker for the City of Concord;

58. As a result of the above described policies and customs, police officers of the City of Concord, including defendant Officers, believed that their actions would not be properly monitored by supervisory officers and their misconduct would not be investigated or sanctioned, but would rather be tolerated;

59. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of Concord, including but no limited to Chief Swanger, to the constitutional rights of persons contacted by the Concord Police Department, and were the cause of the violations of Plaintiffs' rights alleged herein;

60. As a result of acts in furtherance of the object of the conspiracy, Plaintiffs suffered deprivation of their rights and suffered physical and emotional damages as aforesaid;

61. Plaintiffs have suffered substantial mental suffering, humiliation and loss of life and loss of companionship. Plaintiffs' damages include economic and non-economic damages. The conduct of defendants was reckless, malicious and deliberately in violation of plaintiffs constitutional rights;

62. Wherefore plaintiffs pray as hereinafter specified;

## SIXTH CAUSE OF ACTION

### 42 U.S.C. 1983 Against Defendants County of Contra Costa, District Attorney Mark Peterson

63. Paragraphs 1 through 62 are incorporated herein by reference as though fully set forth herein.

64. Prior to and including May 10, 2013 and thereafter, the County of Contra Costa District Attorneys Office developed and maintained policies, practices, and customs exhibiting deliberate indifference to the constitutional rights of persons subjected to excessive force and other misconduct, which caused violations of Plaintiffs' rights.

65. It was the policy and/or custom of the Contra Costa District Attorney's to inadequately supervise and train its investigators regarding proper and lawful police misconduct investigations, and to instruct them to assist local law enforcement in concealing misconduct, thereby failing to adequately discourage further constitutional violations on the part of its investigators. The Contra Costa District Attorney's Office did not require appropriate in-service training or re-training of investigators on the subject matter of lawful and proper police misconduct investigations.

66. The Contra Costa District Attorney's Office did not require appropriate in-service training of investigators on issues of use of force, use of lethal force, arrest procedures, execution of warrants, and other related duties for which they would ordinarily be called upon to conduct investigations.

67. The Contra Costa District Attorney's Office had prior knowledge of the propensity of the Concord Police Department and Concord Police Officers to engage in unlawful acts in violation of persons constitutional rights, particularly with regard to excessive force, and yet took no disciplinary action, nor gave any instruction to the agency to take disciplinary action, nor any other action to prevent further constitutional violations, rather allowing them to engage in the alleged conduct unfettered by lawful limitations that should have be placed upon them;

68. Mark Peterson authorized, directed and ratified the actions of the District Attorney's Office Investigators. Mark Peterson is a policy maker for the County of Contra Costa;

69. As a result of the above described policies and customs, Investigators for the Contra Costa District Attorney's Office believed that their actions would not be properly monitored by supervisory personnel and their misconduct would not be investigated or sanctioned, but would rather be tolerated;

70. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the County of Contra Costa, including but no limited to Mark Peterson, to the constitutional rights of persons contacted by the Concord Police Department, and were the cause of the violations of Plaintiffs' rights alleged herein;

71. As a result of acts in furtherance of the object of the conspiracy, Plaintiffs suffered deprivation of his their rights and suffered physical and emotional damages as aforesaid;

72. Plaintiffs have suffered substantial mental suffering, mental anguish, humiliation, loss of life, and loss of companionship. Plaintiffs' damages include economic and non-economic damages. The conduct of defendants was reckless, malicious and deliberately in violation of plaintiffs constitutional rights;

16

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress
### ALL DEFENDANTS – BURNS PLAINTIFFS

73. The plaintiffs hereby incorporate paragraphs 1 through 72 as if set forth fully herein;

74. The conduct of defendants as described above was intentional conduct. The defendants were aware they had a duty towards plaintiffs and intentionally violated that duty;

75. The conduct was extreme and outrageous behavior beyond all common decency;

76. The conduct of defendants resulted in extreme and substantial emotional distress to plaintiffs;

77. Plaintiffs have suffered substantial mental suffering, humiliation and loss of life. Plaintiffs' damages include economic and non-economic damages. The conduct of defendants was intentional, reckless, malicious and deliberate and justifies an award of punitive and exemplary damages;

## EIGTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

78. Plaintiffs hereby incorporate paragraphs 1-77 as if set forth fully herein;

79. Defendants had a duty to reasonable care toward plaintiffs;

80. Defendants failed to exercise due care as set forth above;

81. As a result of defendants conduct, plaintiffs suffered substantial emotional and mental suffering;

82. Plaintiffs have suffered substantial mental suffering, humiliation and loss of life. Plaintiffs' damages include economic and non-economic damages. The conduct of

defendants was reckless, malicious and justifies an award of punitive and exemplary
damages;

## EIGTH CAUSE OF ACTION

### Battery
### DEFENDANTS - CITY OF CONCORD OFFICERS

83. The plaintiffs hereby incorporate paragraphs 1-82 as if set forth fully herein;

84. The defendants intentionally engaged in a harmful and offensive touching to plaintiffs;

85. The touching was non-consensual;

86. The touching resulted in substantial physical and emotional injuries;

87. Plaintiffs have suffered substantial mental suffering, humiliation and loss of life.
Plaintiffs' damages include economic and non-economic damages. The conduct of
defendants was reckless, malicious and deliberate and justifies an award of punitive and
exemplary damages;


**WHEREFORE, the Plaintiff requests they be awarded damages as follows:**

1. As to Estate of Charles Burns the plaintiff seeks compensatory damages for the period of
   time he yielded to police commands to the point of his death at hands of the police; and
   for the costs associated with his burial and related expenses, as well as punitive and
   exemplary damages according to proof;

2. As to the remaining plaintiffs, compensatory damages for economic and non-
   economic harm to plaintiffs against the Individual Defendants, the City of Concord and
   the County of Contra Costa jointly and severally;

3. Punitive and exemplary damages according to proof;

4. Costs incurred in the prosecution of this complaint;

5.  Reasonable attorney's fees on all relevant causes of action;

6.  Such other and further relief as this Court may deem appropriate.


The Plaintiff hereby demands a jury trial.


Dated: February 4, 2014

_____
Peter Johnson
Attorney for Plaintiff