UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JOHN BURNS et al.,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>CITY OF CONCORD, et al.,<br><br>　　　　　Defendants.<br>_____/ | No. C 14-535 LB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY WITHOUT PREJUDICE TO RAISING ANY SUBSEQUENT DISCOVERY DISPUTE**<br><br>[Re: ECF No. 9] |

# INTRODUCTION

This civil rights lawsuit alleges that Defendants used excessive force that resulted in the death of Charles Burns and the wrongful arrest of Bobby Lawrence. *See* Complaint, ECF No. 1.[1] Plaintiffs ask for expedited discovery before the Rule 26(f) conference. *See* Ex Parte Request for Expedited Discovery, ECF No. 9. For the reasons stated below, the court denies the request without prejudice to raising any subsequent discovery dispute.

# STATEMENT

Plaintiffs filed the lawsuit on February 4, 2014. *See* ECF No. 1. The court issued the summonses the next day. *See* ECF No. 3. Plaintiffs have not served Defendants yet. *See* Ex Parte Application, ECF No. 9 at 6, ¶ 17. In their early discovery request, Plaintiffs ask for the relevant police reports,

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 14-00535 LB
ORDER

1  audio recordings of witnesses, videos and photographs of the scene, relevant reports from the
2  District Attorneys' offices in Concord and Antioch, the Coroner's reports and video and audio
3  recordings, the Sheriff's reports and recordings, and similar information. *Id.* at 1-3. In the
4  declarations that are part of the request, Plaintiffs' counsel establishes a basis for concluding that the
5  reports and materials exist, describes his unfruitful efforts to get them from the District Attorneys'
6  offices and the police departments, and  represents that he is agreeable to a protective order . *See id.*
7  at 4-6. He also describes his plans to amend the complaint to add parties once he learns the identity
8  of the Doe defendants, and he describes how early discovery of the reports avoids delay. *See id.* at
9  6. He notes that in response to a recent request, he learned that the law firm of McNamara, Ney,
10 Beatty, Slattery, Borges & Ambacher LLP represents the agencies. *Id.* at 5, ¶ 8. The case
11 management conference is set for May 22, 2014, which means that the last day for the Rule 26(f)
12 conference is May 1, 2014. *See* ECF No. 4.

## ANALYSIS

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See*, *e.g.*, *IO Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at * 2 (E.D. Cal. June 9, 2010); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards).

When the identity of defendant is not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identity, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff (1) identifies the defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the

steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

Here, the discovery is relevant and would help identify the Doe defendants earlier. That being said, the better way to get the discovery at this stage is first to serve the named defendants and then to talk with the McNamara law firm about the timing of document discovery and the interplay with case deadlines, including the filing of an amended complaint and the timing of the responsive pleading to that complaint. The court does not find good cause on this record.

## CONCLUSION

The court denies the motion for expedited discovery without prejudice to the renewal of any discovery dispute (if there is one), which must be raised via the procedures in the undersigned's standing order at ECF No. 4-1.

This disposes of ECF No. 9.

**IT IS SO ORDERED.**

Dated: March 3, 2014

_____
LAUREL BEELER
United States Magistrate Judge