UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JOHN BURNS et al., | No. C 14-00535 LB |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' SECOND "EX PARTE" MOTION FOR EARLY DISCOVERY** |
| v. | |
| CITY OF CONCORD, et al., | [Re: ECF No. 39] |
| Defendants. | |

This civil rights lawsuit alleges that Defendants used excessive force that resulted in the death of Charles Burns and the wrongful arrest of Bobby Lawrence. *See* Complaint, ECF No. 1.[1] Plaintiffs previously filed an ex parte motion for early discovery, *see* First Ex Parte Motion for Early Discovery, ECF No. 9, but the court found good cause lacking and denied that motion. *See* 3/3/2014 Order, ECF No. 10.

Defendants then were served with the First Amended Complaint, and all of them moved to dismiss it. *See* Antioch Motion, ECF No. 25; Concord Motion, ECF No. 26; Contra Costa Motion, ECF No. 27. The court took these pending motions under submission and continued the initial case management conference to September 25, 2014. *See* 7/2/2014 Clerk's Notice, ECF No. 37; 7/11/2014 Clerk's Notice, ECF No. 38.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 14-00535 LB
ORDER

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   Plaintiffs now have filed a second "ex parte" (even though Defendants have notice of it and were
2   served with it via ECF) motion to take early discovery. *See* Second Ex Parte Motion for Early
3   Discovery, ECF No. 39. In short, Plaintiffs say that they need discovery now because they might
4   need it to support their oppositions to the pending motions to dismiss, and because it might lead to
5   the discovery of other claims that, or defendants whom, will need to be added to this action. *See*
6   *generally id.* The City of Concord Defendants filed an opposition that argues that Plaintiffs' motion
7   is both improper and unnecessary at this time. *See* Concord Opposition, ECF No. 41.

8   A court may authorize early discovery before the Rule 26(f) conference for the parties' and
9   witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the
10  Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery.
11  *See*, *e.g.*, *IO Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct.
12  15, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002);
13  *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at * 2 (E.D.
14  Cal. June 9, 2010); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D.
15  Ariz. 2001) (collecting cases and standards).

16  The court once again **DENIES** Plaintiffs' request to take early discovery. First, Plaintiffs did not
17  comply with the procedures for resolving discovery disputes that are provided in the undersigned's
18  standing order (which was provided to Plaintiffs upon their filing of the complaint, *see* Initial Case
19  Management Scheduling Order, ECF No. 4, and which is available on the court's website). Those
20  procedures require, among other things, that if a meet-and-confer by other means does not resolve
21  the parties' dispute, lead counsel for the parties must meet and confer in person. If that procedure
22  does not resolve the disagreement, the parties must file a joint letter brief instead of a formal motion.
23  The letter brief must be filed under the Civil Events category of "Motions and Related Filings >
24  Motions – General > Discovery Letter Brief." After reviewing the joint letter, the court evaluates
25  whether further proceedings are necessary, including any further briefing or argument.

26  Second, even if Plaintiffs had followed these procedures, the court again finds good cause
27  lacking. As the City of Concord Defendants point out, the pending motions were filed in response to
28  the operative First Amended Complaint and have been taken under submission, so any discovery

1  received is irrelevant to the court's decisions on those motions. It is true that the court continued the
2  initial case management conference (and thus the deadline for the parties to conduct a Rule 26(f)
3  conference) in light of the pending motions to dismiss, and the court believes that it is in the best
4  interest of all parties that that conference, and the fact discovery that may be taken after it occurs, is
5  best left until after the court decides the pending motions.

6  **IT IS SO ORDERED.**

7  Dated: July 16, 2014

8  _____
   LAUREL BEELER
   United States Magistrate Judge

C 14-00535 LB
ORDER
3