UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JOHN BURNS, et al.,<br><br>    Plaintiffs,<br> v.<br><br>CITY OF CONCORD, et al.,<br><br>    Defendants.<br>_____/ | No. C 14-00535 LB<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>[Re: ECF Nos. 25-27] |

## INTRODUCTION

In this action, Plaintiffs John Burns, Tammy Burns, the Estate of Charles Burns, and Bobby Lawrence have sued three groups of Defendants: (1) the City of Concord, City of Concord Police Chief Guy Swanger, City of Concord Police Detective James Nakayama, City of Concord Police Officer Mike Hansen, and City of Concord Police Officer Tom Parodi (collectively, the "Concord Defendants"); (2) the City of Antioch, City of Antioch Police Chief Alan Cantando, and City of Antioch Police Officer James Stenger (collectively, the "Antioch Defendants"); and (3) Contra Costa County, Contra Costa County District Attorney Mark Peterson, and Contra Costa County Inspector John Conaty (collectively, the "Contra Costa Defendants"). *See generally* First Amended Complaint ("FAC"), ECF No. 11.[1] Plaintiffs also have sued Does 1-100. Plaintiffs bring against

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

1 Defendants claims under 42 U.S.C. § 1983 for violation of Plaintiffs' Fourth and Fourteenth
2 Amendment rights and claims arising under state law. *See id.* ¶¶ 51-109. Now, all three groups of
3 Defendants have moved to dismiss Plaintiffs' First Amended Complaint. *See* Antioch Motion, ECF
4 No. 25; Concord Motion, ECF No. 26; Contra Costa Motion, ECF No. 27. Pursuant to Civil Local
5 Rule 7-1(b), the court found this matter suitable for determination without oral argument and
6 vacated the July 17, 2014 hearing. 7/11/2014 Clerk's Notice, ECF No. 38. Upon consideration of
7 the record in this case, the parties' moving papers, and the applicable legal authority, the court
8 **GRANTS** Defendants' motions to dismiss.

## STATEMENT

On May 10, 2014, Charles Burns, who was John Burns's and Tammy Burns's son, was shot and killed in Antioch, California by officers of the Concord police department. FAC ¶¶ 3, 33-34; *but see id.* ¶ 33 (alleging that the "defendant Police Officers," rather than the officers from the Concord Police Department only, shot Charles Burns). Bobby Lawrence was arrested and interrogated as part of this incident. *Id.* ¶¶ 36-37. Generally speaking, Plaintiffs allege that the Concord Police Department coordinated with the Antioch Police Department to do all of this, that the shooting of Charles Burns and arrest of Mr. Lawrence was unjustified, and that the Concord and Antioch Departments, along with the Contra Costa County District Attorney's Office, have conspired to protect the officers involved, delay the subsequent investigation of the shooting, and conceal the facts surrounding the events under a "shroud of secrecy." *See generally id.*

Plaintiffs instituted this action on February 4, 2014, *see* Complaint, ECF No. 1, and thereafter filed a First Amended Complaint as a matter of right, *see* FAC, ECF No. 11. They bring nine claims, which are summarized in the chart below:

| No. | Claim | Brought By | Brought Against |
|---|---|---|---|
| 1 | The title says 42 U.S.C. § 1983, and paragraphs mention the violation of "Plaintiffs'" 4th Amendment rights to be free from unlawful seizure and excessive force and "Plaintiffs'" 14th Amendment rights not be deprived of life and liberty without due process of law, to familial association, and to the provision of emergency medical care to Charles Burns | The title says "Burns Plaintiffs," but that term is never defined and the paragraphs mention "Plaintiffs" generally | The title says "Individual Defendants," but that term is never defined and the paragraphs mention "Defendants" generally |
| 2 | The title says 42 U.S.C. § 1983, and the paragraphs mention the violation of "Plaintiff's" unspecified 4th and 14th Amendment rights due to "Defendants'" "illegal detention, prolonged unjustified detention, unlawful arrest and false imprisonment" of "Plaintiff" | The title says "Plaintiff Lawrence" but the paragraphs mention "Plaintiff" and "Plaintiffs" | The title says "Individual Defendants," but that term is never defined and the paragraphs mention "Defendants" generally |
| 3 | The title says 42 U.S.C. § 1983 and 1985(3) and mentions "Conspiracy to Violate Civil Rights" | The title does not specify which Plaintiffs bring this claim, but the paragraphs mention "Plaintiffs" generally | "All Defendants" |
| 4 | The title says 42 U.S.C. § 1983 and mentions *Monell v. Department of Soc. Servs.*, 463 U.S. 658 (1978) | The title does not specify which Plaintiffs bring this claim, but the paragraphs mention "Plaintiffs" generally | City of Concord; City of Concord Police Chief Guy Swanger |
| 5 | The title says 42 U.S.C. § 1983 and mentions *Monell v. Department of Soc. Servs.*, 463 U.S. 658 (1978) | The title does not specify which Plaintiffs bring this claim, but the paragraphs mention "Plaintiffs" generally | Contra Costa County; Contra Costa County District Attorney Mark Peterson |
| 6 | The title says 42 U.S.C. § 1983 and mentions *Monell v. Department of Soc. Servs.*, 463 U.S. 658 (1978) | The title does not specify which Plaintiffs bring this claim, but the paragraphs mention "Plaintiffs" generally | City of Antioch; City of Antioch Police Chief Alan Cantando |
| 7 | Intentional Infliction of Emotional Distress | The title says "Burns Plaintiffs," but that term is never defined and the paragraphs mention "Plaintiffs" generally | "All Defendants" |

| 8 | Negligent Infliction of Emotional Distress | The title says "Burns Plaintiffs," but that term is never defined and the paragraphs mention "Plaintiffs" generally | "All Defendants" |
| 9 | Battery | The title says "Tammie Burns Personal Representative," which presumably refers to the Estate of Charles Burns, but the paragraphs mention "Plaintiffs" generally | The title says "City of Concord Officers," but that term is never defined and the paragraphs mention "Defendants" generally |

The Concord Defendants, Antioch Defendants, and Contra Costa Defendants each filed motions to dismiss the First Amended Complaint. *See* Antioch Motion, ECF No. 25; Concord Motion, ECF No. 26; Contra Costa Motion, ECF No. 27. Plaintiffs filed oppositions to the motion, and Defendants filed replies. *See* Opposition to Antioch Motion, ECF No. 31; Antioch Reply, ECF No. 32; Opposition to Concord Motion, ECF No. 33; Concord Reply, ECF No. 34; Opposition to Contra Costa Motion, ECF No. 35; Contra Costa Reply, ECF No. 36

## ANALYSIS

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## II. DISCUSSION

The court finds that Plaintiffs' First Amended Complaint must be dismissed because it does not comport with the notice pleading standings under Rule 8(a), as it does not clearly specify which Plaintiffs bring which claims against which Defendants. For example, as the court recounted in the chart presented above, the First Amended Complaint states that many of the claims are brought by the "Burns Plaintiffs," but Plaintiffs never define this term. Does the phrase "Burns Plaintiffs," for example, include only John Burns and Tammy Burns, or does it include the Estate of Charles Burns, too? The court does not know. Similarly, the First Amended Complaint states that many claims are brought against the "Individual Defendants," but Plaintiff never define this term, either. Does the phrase "Individual Defendants" include, for example, Contra Costa County District Attorney Mark

1 Peterson, and Contra Costa County Inspector John Conaty? The court does not know. Resolving
2 this lack of specificity is crucial, because some of the arguments in Defendants' motions to dismiss
3 stem from the First Amended Complaint's imprecision in this regard. *See*, *e.g.*, Antioch Motion,
4 ECF No. 25 at 12-13 (arguing that Plaintiffs do not allege any facts to suggest that City of Antioch
5 Police Chief Alan Cantando or City of Antioch Police Officer James Stenger were even present at
6 the scene when Charles Burns was shot and killed, so they should not be included among the
7 "Individual Defendants" named in the title of Claim One); Contra Costa Motion, ECF No. 27 at 9
8 (same argument with respect to Contra Costa County Inspector John Conaty). It also is a problem
9 because, as Defendants point out in their motions, only some Plaintiffs can bring some types of
10 Constitutional violations under Section 1983. *See*, *e.g.*, Antioch Motion, ECF No. 25 at 15-16
11 (arguing that John Burns and Tammy Burns may not bring, on behalf of themselves (as opposed to
12 on behalf of the Estate of Charles Burns), a Fourth Amendment claim for excessive force based on
13 the officers' use of force against Charles Burns); *see also Moreland v. Las Vegas Metro. Police*
14 *Dep't*, 159 F.3d 365, 369 (9th Cir. 1998); *Brown v. City and County of San Francisco*, No. C
15 11–02162 LB, 2011 WL 5025138, at *2 (N.D. Cal. Oct. 20, 2011) (discussing a survivor's standing
16 to bring a Fourth Amendment excessive force claim on behalf of a decedent).

17 In their opposition briefs, Plaintiffs suggest that this imprecision is not a problem because all of
18 the individual defendants are liable for the Fourth and Fourteenth Amendment violations alleged,
19 either directly or for conspiring to do so. *See*, *e.g.*, Opposition to Contra Costa Motion, ECF No. 35
20 at 12-13 (arguing that Contra Costa County Inspector John Conaty conspired with the other
21 Defendants to violate John Burns's and Tammy Burns's Fourteenth Amendment due process rights
22 and was directly violated Mr. Lawrence's Fourth and Fourteenth Amendment rights). But rather
23 than clarifying the issue, Plaintiffs' argument highlights the problems stemming from the lack of
24 specificity in the complaint. For example, while Plaintiffs argue in their opposition that Contra
25 Costa County Inspector John Conaty violated John Burns's and Tammy Burns's Fourteenth
26 Amendment due process rights, Plaintiffs fail to make any argument about whether they are alleging
27 that Mr. Conaty also violated any of the "Burns Plaintiffs'" Fourth Amendment rights, even though
28 the First Amended Complaint attempts to allege such a claim against all "Individual Defendants." In

1  addition, although Plaintiffs apparently hang their hat on broad conspiracy-based claims, Plaintiffs
2  allege nothing about a conspiracy within Claim One or Claim Two and instead allege a separate
3  conspiracy claim in Claim Three. It is not clear that Claims One and Two are supposed to be for
4  conspiracy, especially when Claim Three explicitly is for conspiracy, so it is understandable that
5  Defendants are confused about whom Plaintiffs bring Claim One and Two against.

6  There also is confusion about whether Plaintiffs have sued Defendants in their individual
7  capacities, their official capacities, or both. For instance, the First Amended Complaint states that
8  Mr. Peterson is sued in his official capacity and says nothing about him being sued in his individual
9  capacity. FAC ¶ 20. The Contra Costa Defendants argue that Plaintiffs have alleged no facts in
10 support of his individual liability, so Plaintiffs' claims against him should be dismissed. Contra
11 Costa Motion, ECF No. 27 at 8-9. Plaintiffs respond that they sufficiently alleged that Mr. Peterson
12 was sued in both his individual and official capacities, Opposition to Contra Costa Motion, ECF No.
13 35 at 12, but this is not what the First Amended Complaint says. There is a similar lack of clarity
14 with respect to Plaintiffs' claims against City of Antioch Police Chief Alan Cantando. *See* Antioch
15 Motion, ECF No. 25 at 22; Opposition to Antioch Motion, ECF No. 31 at 23-24; Antioch Reply,
16 ECF No. 32 at 18-19. And the individual-versus-official capacity problem also bears upon
17 Defendants' arguments that Plaintiffs' inclusion of certain Defendants in certain claims is redundant
18 given the inclusion of the municipal Defendants. *See*, *e.g.*, Antioch Motion, ECF No. 25 at 22-23;
19 Opposition to Antioch Motion, ECF No. 31 at 23-24; Antioch Reply, ECF No. 32 at 18-19.

20 Because of these problems, rather than addressing Defendants' more specific arguments
21 regarding each of Plaintiffs' claims[2], the court will dismiss without prejudice Plaintiffs' First
22 Amended Complaint and allow them to file a Second Amended Complaint.[3] In doing so, Plaintiffs

---

[2] As the court does not reach Defendants' specific arguments regarding each of Plaintiffs' claims, Defendants may make them again in any subsequent motions to dismiss any Second Amended Complaint.

[3] Plaintiffs should not simply file the proposed Second Amended Complaint that Plaintiffs filed as an "addendum" to their opposition briefs. Proposed Second Amended Complaint, ECF No. 40. While it appears to attempt to remedy some of the problems pointed out by the court, it does not cure the deficiencies described above. For example (and this is only an example), it still names the

must explicitly and clearly state, claim by claim, which Plaintiffs bring which claims against which Defendants. Plaintiffs should use the terms "Plaintiffs" or "Defendants" only if they refer to all Plaintiffs or all Defendants. If Plaintiffs discuss a certain subset of Plaintiffs or Defendants, Plaintiffs should define that subset. If Plaintiffs bring a particular claim against particular Defendants, Plaintiffs should be clear whether they bring that claim against each Defendant in his official or individual capacity. And rather than bringing multiple Constitutional claims in a single Section 1983 claim (*e.g.*, Claim One), Plaintiffs should break them out individually (*e.g.*, one claim for violation of the Fourth Amendment, another claim for violation of Charles Burns's and Tammy Burns's Fourteenth Amendment rights to familial association, etc.). This will make it easier for Defendants to respond to Plaintiffs' allegations and for the court to consider their sufficiency.

## CONCLUSION

Based on the foregoing, the court **GRANTS** Defendants' motions to dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' First Amended Complaint. Plaintiff may file a Second Amended Complaint within 21 days from the date of this order.

**IT IS SO ORDERED.**

Dated: July 22, 2014

_____
LAUREL BEELER
United States Magistrate Judge

---

"Individual Defendants" in Claim One, but it still fails to define that term.