JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
LAURA A. COX (State Bar No. 296147)
McNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
1211 Newell Avenue
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendants
City of Concord, Chief Guy Swanger, James Nakayama, Mike Hansen, and Tom Parodi

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BURNS, TAMMY BURNS, BOBBY LAWRENCE, ESTATE OF CHARLES BURNS by TAMMY BURNS, Personal Representative of the Estate of Charles Burns,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF CONCORD, CHIEF GUY SWANGER individually and in his official capacity, COUNTY OF CONTRA COSTA, DISTRICT ATTORNEY MARK PETERSON in his official capacity, CITY OF ANTIOCH, CHIEF ALLAN CONTADO in his official capacity, JAMES NAKAYAMA individually and in his official capacity, MIKE HANSEN individually and in his official capacity, JOHN CONATY, individually and in his official capacity, TOM PARODI, individually and in his official capacity, JAMES STEGNER, individually and in his official capacity, and Does 1 through 100, inclusive,<br><br>Defendants. | Case No. C14-00535 LB<br><br>**REPLY OF DEFENDANT CITY OF CONCORD, CHIEF GUY SWANGER, JAMES NAKAYAMA, MIKE HANSEN, AND TOM PARODI IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT UNDER FRCP 12(B)(6)**<br><br>Date:  October 16, 2014<br>Time:  9:30 am<br>Dept:  Courtroom C, 15th Floor<br>Judge: Hon. Laurel Beeler |

Defendants CITY OF CONCORD, CHIEF GUY SWANGER, JAMES NAKAYAMA, MIKE HANSEN, AND TOM PARODI ("Concord Defendants")[1] hereby submit their Reply in support of their Federal Rule of Civil Procedure ("FRCP") 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion").

## I. INTRODUCTION

At the outset, the Concord Defendants acknowledge that TAMMY BURNS ("Mrs. Burns") has provided the Court and the parties to this matter with a Declaration that she is the Successor in Interest of the decedent Charles Burns ("Mr. Burns"). As such, the Concord Defendants withdraw the issue of Mrs. Burns' standing. However, as discussed below, Plaintiffs' substantive claims in the Second Amended Complaint ("SAC") are still subject to dismissal, without leave to amend.

## II. REPLY ARGUMENTS

### A. Plaintiff ESTATE OF CHARLES BURNS' Improperly Pleads Both Fourth and Fourteenth Amendment Claims in the First Cause of Action.

Plaintiff ESTATE OF CHARLES BURNS ("the ESTATE") does not challenge the well settled case law cited by the Concord Defendants that, "*all* claims that law enforcement officers have used excessive force…in the course of a…'seizure' of a free citizen ***should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.***" *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis added); see also *Willingham v. City of San Leandro*, 2006 WL 3734633, *1 (N.D. Cal. Dec. 18, 2006) aff'd, 368 F. App'x 845 (9th Cir. 2010) (relying on *Graham* to dismiss with prejudice the plaintiff's due process claim brought alongside the plaintiff's unlawful arrest claim).

Instead, the ESTATE claims that the First Cause of Action "pleads far beyond just the use of excessive force by Concord Defendants." (Plaintiffs' Opposition, Doc. 60, Pg. 10). The ESTATE points to the alleged attempt to "cover up, fabricate, and conceal the facts surrounding

---

[1] In their Second Amended Complaint, Plaintiffs named additional Concord Police Department officers, who have yet to be served and/or appear in this action. In anticipation of these officers being served and/or appearing in this action, Concord Defendants intend for this Reply to be binding as to them.

REPLY OF CONCORD RELATED DEFENDANTS  2
FOR MOTION TO DISMISS PLAINTIFFS' SECOND
AMENDED COMPLAINT – C14-00535 LB

the murder of [Mr. Burns]" and claims that this violates the Fourteenth Amendment's prohibition against "deprivation of life, liberty, and due process of law." (Id., Pgs. 10-11). However, the ESTATE fails to provide any legal authority giving the ESTATE a Fourteenth Amendment cause of action arising from Mr. Burns' death. This is not surprising because there is no such authority.

The ESTATE's cited cases regarding substantive due process are off-point. First, these cases all involved Fourteenth Amendment claims brought by the parents and/or children of a person killed by law enforcement, not claims brought by the estate of the decedent. *Porter v. Osborn*, 546 F.3d 1131 (9th Cir. 2008); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365 (9th Cir. 1998); *Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998); *Curnow v. Ridgecrest Police*, 952 F.2d 321 (9th Cir.1991). Second, none of these cases dealt with claims of cover-ups following an excessive force incident; rather, most involved claims of familial deprivation (*Porter*, 546 F.3d 1131; *Moreland*, 159 F.3d 365; *Curnow*, 952 F.2d 321) or deliberate indifference (*Lewis*, 523 U.S. 833). The ESTATE should not be permitted to invent a new substantive due process theory for this case. Rather, the ESTATE should be limited in bringing a Fourth Amendment claim, as pointed out in the Concord Defendants' Motion.

Second, the ESTATE's arguments regarding procedural due process are erroneously made with other Plaintiffs in mind. It is unclear whether Plaintiffs are aware that their First Cause of Action only pertains to the Estate, as they claim that, "Departmental policies…led by the District Attorney's office violated procedural due process rights of Plaintiffs." (Plaintiffs' Opposition, Doc. 60, Pg. 12). Indeed, the cover-up allegations in the First Cause of Action are largely duplicative of other Plaintiffs' conspiracy claims in this action and should therefore be dismissed, with prejudice.

**B. Plaintiff ESTATE OF CHARLES BURNS Fails to Allege Facts Sufficient to Support a Conspiracy Claim in the Second[2] Cause of Action.**

The ESTATE still fails to show how the facts pled in the SAC demonstrate the plausibility of a § 1983 civil conspiracy. While the ESTATE describes in detail allegations regarding the

---

[2] Plaintiffs' Opposition erroneously states that this conspiracy cause of action is the Third Cause of Action. (Doc. 60, Pg. 13).

REPLY OF CONCORD RELATED DEFENDANTS   3
FOR MOTION TO DISMISS PLAINTIFFS' SECOND
AMENDED COMPLAINT – C14-00535 LB

actions of the Concord Police Department on May 10, 2013, the ESTATE fails to show any evidence of "an agreement or meeting of the minds" to violate constitutional rights. *Crowe v. Cnty of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (citing *Mendocino Envtl. Ctr. v. Mendocino Cnty*, 192 F.3d 1283, 1301 (9th Cir.1999). Additionally, the ESTATE did not challenge the Concord Defendants' argument that the alleged cover-up of Mr. Burns' death is irrelevant to analyzing the ESTATE's conspiracy claim, so the Court should not consider those alleged facts here. As discussed below, it is apparent that the ESTATE is still unable to satisfy the heightened pleading standard for a civil conspiracy claim, thus warranting dismissal, without leave to amend.

With regard to "an agreement or meeting of the minds", the ESTATE simply concludes that, ""[t]he Concord Police Department went in with the mentality that they would harm and use any and all force necessary to detain Burns" (Plaintiffs' Opposition, Doc. 60, Pg. 15). Yet, the ESTATE offers no supporting evidence that each member of the alleged conspiracy shared this alleged conspiratorial objective, as is required by the Ninth Circuit. *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir.1983); *see also Hinkle*, 81 F.3d at 421; *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230–31 (10th Cir.1990). In particular, the ESTATE still fails to plead any evidence that that any of the Concord Officer Defendants discussed killing and/or seriously harming Mr. Burns prior to the May 10, 2013, incident. While the ESTATE points to the fact that the officers "were in radio communication with each other prior to engaging Lawrence and Burns" (Plaintiffs' Opposition, Doc. 60, Pg. 15), this alleged fact simply shows a tactical law enforcement operation, not a *plausible* civil rights conspiracy. Moreover, there is still no evidence that *any* Concord Officer Defendant had a personal vendetta against or reason to harm Mr. Burns, let alone that *all* Concord Officer Defendants shared the same conspiratorial objective. There are simply no facts that raise a reasonable inference of a "meeting of the minds" amongst the Concord Officer Defendants to violate any of Mr. Burns' constitutional rights.

The Concord Defendants concede that the ESTATE has pled facts that support a plausible excessive force claim, however, these facts in no way, shape, or form state a plausible conspiracy claim. Although the ESTATE believes that the Concord Officer Defendants had a nefarious motive for shooting Mr. Burns, the ESTATE has provided no supporting evidence and should not

be permitted to allege such "theory without proof". *Hinkle v. City of Clarksburg*, 81 F.3d 416, 422-23 (4th Cir.1996) (dismissing the plaintiffs' conspiracy claims as "nothing more than rank speculation and conjecture" and a "theory without proof").

### C. Plaintiffs TAMMY BURNS, JOHN BURNS, and BOBBY LAWRENCE Fail to Plead a Conspiracy Claim in the Fifth Cause of Action.

For the first time, Plaintiffs TAMMY BURNS, JOHN BURNS, and BOBBY LAWRENCE allege that a conspiracy claim arises from their "right of access to court and to judicial relief...that follows from the Right to Petition Clause of the First Amendment and the Fourteenth Amendment of the US Constitution." (Plaintiffs' Opposition, Doc. 60, Pg. 17). Even if Plaintiffs can allege the "unsettled...basis of the [federal] constitutional right of access to courts...***the right is ancillary to the underlying claim***, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (emphasis added).

Here, Plaintiffs' Opposition completely fails to address their underlying claim forming the basis for their § 1983 conspiracy action. This is because the alleged cover-up and failure to "properly investigate" (Plaintiffs' Opposition, Doc. 60, Pg. 18) cannot serve as the Plaintiffs' underlying claim, as there is no federal right to have the police and/or district attorney's office conduct a criminal investigation in a particular way. Failure of law enforcement to "investigate properly...does not violate clearly established constitutional rights." *Flores v. Satz* 137 F.3d 1275, 1278 (11th Cir.1998). Likewise, there is no constitutional right to have a person prosecuted for a crime. *Nelson v. Skehan*, 386 F. App'x 783, 786 (10th Cir. 2010) (citing *Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566–67 (10th Cir.1993)). In other words, Plaintiffs have no legal right to have the Concord Officer Defendants criminally prosecuted due to the May 10, 2013, incident. Therefore, Plaintiffs cannot predicate a § 1983 conspiracy action on this basis, and their Fifth Cause of Action must fail.

### D. Plaintiffs JOHN BURNS, TAMMY BURNS, and the ESTATE OF CHARLES BURNS' Intentional Inflection of Emotional Distress Claims Are Factually and Legally Deficient (Ninth Cause of Action).

Here, Plaintiffs' Opposition confusingly argues facts with regard to LAWRENCE, who is not named as a plaintiff in the Ninth Cause of Action in the SAC. As such, the Concord Defendants do not address factual allegations pertaining to LAWRENCE, but rather, address below the factual and legal deficiencies of JOHN BURNS, TAMMY BURNS, and the ESTATE's intentional infliction of emotional distress ("IIED") claims.

As to JOHN BURNS and TAMMY BURNS, Plaintiffs still fail to explain how any of the Defendants' alleged actions were "calculated and directed to cause [their] distress." *Ochoa v. Superior Court*, 39 Cal.3d 159, 165 (Cal. 1985). While Plaintiffs claim (for the first time) that, "[t]he subsequent conspiracy and secrecy have caused grave emotional harm to the family of Charles Burns through the ongoing intentional and reckless conduct [of] Defendants" (Plaintiffs' Opposition, Doc. 60, Pg. 19), they fail to allege any facts showing that the Defendants *intended* to cause such harm to Mr. Burns' *family*. Indeed, the General Allegations of the SAC never once refer to JOHN BURNS or TAMMY BURNS, let alone show that they were the *targets* of any conduct by any of the Defendants. (SAC, Doc. 48, ¶¶ 31-46). Likewise, none of the allegations in the Fifth Cause of Action (cited in the Plaintiffs' Opposition in support of their Ninth Cause of Action) show that JOHN BURNS and TAMMY BURNS were the *targets* of any conduct by any of the Defendants. (Id., ¶¶ 72-85). On the contrary, Plaintiffs indicate that the purpose of the Defendants' post-incident actions was to maintain a "shroud of secrecy" and to "cover-up the illegal and willful killing of Burns", not to cause Mr. Burns' family any distress. (Id., ¶¶ 42, 72). JOHN BURNS and TAMMY BURNS have not pled facts to support IIED claims on their behalf.

Finally, the ESTATE has not challenged the fact that the ESTATE is precluded from seeking pain and suffering damages for IIED pursuant to Cal. Code Civ. Proc. ("CCP") § 377.34 (precluding "damages for pain, suffering, or disfigurement" in a survival action). Therefore, the Court should apply CCP § 377.34 to bar any damages arising from Mr. Burns' alleged pain and suffering.

**E. Plaintiffs JOHN BURNS, TAMMY BURNS, and the ESTATE OF CHARLES BURNS' Negligent Infliction of Emotional Distress Claims are Factually and Legally Deficient (Tenth Cause of Action).**

Plaintiffs' arguments in support of their negligent infliction of emotional distress ("NIED") claims largely fail to address the legal arguments posed by the Concord Defendants' Motion. Again, Plaintiffs' Opposition confusingly argues facts with regard to LAWRENCE, who is not named as a plaintiff in the Tenth Cause of Action in the SAC. As such, the Concord Defendants do not address factual allegations pertaining to LAWRENCE, but rather address below the factual and legal deficiencies of JOHN BURNS, TAMMY BURNS, and the ESTATE's NIED claims.

First, JOHN BURNS and TAMMY BURNS failed to reference and address the requirements of a "bystander theory" of liability. As clearly discussed in the Concord Defendants' Motion, a bystander theory of liability requires that the plaintiff (1) is closely related to the injury victim, (2) was present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim, and (3) as a result suffers emotional distress beyond that which would be anticipated in a disinterested witness. *Thing v. La Chusa*, 48 Cal.3d 644, 647 (Cal. 1989). **Here, neither the SAC nor the Opposition alleges any facts that JOHN BURNS and/or TAMMY BURNS were present at the scene of the injury when their son was killed.** Thus, it is readily apparent that any attempt to amend here would be futile, as JOHN BURNS and TAMMY BURNS make no claims that they were present at the scene of the injury.

Second, while Plaintiffs are correct that a police officer has a duty to use reasonable care in using deadly force (*Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1094 (Cal. App. 2004)), this duty would only be owed to Mr. Burns, not JOHN BURNS or TAMMY BURNS. Even if the ESTATE can sue on a NIED theory, the ESTATE has again failed to challenge the applicability of CCP § 377.34 (precluding "damages for pain, suffering, or disfigurement" in a survival action"). Therefore, the Court should apply CCP § 377.34 to bar any damages arising from Mr. Burns' alleged pain and suffering.

**F. Plaintiffs JOHN BURNS, TAMMY BURNS, and BOBBY LAWRENCE Fail to Plead a Claim Under Article I, § 28 of the California Constitution (Twelfth Cause of Action).**

REPLY OF CONCORD RELATED DEFENDANTS                  7
FOR MOTION TO DISMISS PLAINTIFFS' SECOND
AMENDED COMPLAINT – C14-00535 LB

In their Opposition, Plaintiffs at least identified the particular subdivisions of Article I, § 28 of the California Constitution for which they are attempting to bring suit on as Article I, § 28(a)(2-4); (b)(13). However, none of these subdivisions creates a private cause of action. In fact, as footnoted in the Concord Defendants' Motion, Article I, § 28(a)(4) is the only subdivision that references any type of right related to a criminal investigation, and it expressly states that it is only *"enforceable through the enactment of laws"* by the California Legislature (emphasis added). Plaintiffs have identified no such statute authorizing them to bring suit.

Likewise, Plaintiffs have ignored the fact (as pointed out in the Concord Defendants' Motion) that Article I, § 28 prohibits an action for damages against a public entity or its employees. Per Article I, § 28(c)(2), ***"This section does not create any cause of action for compensation or damages against…any political subdivision of the State, any officer,*** employee, or agent of the State or of any of its political subdivisions..." (emphasis added). Thus, Plaintiffs are precluded as a matter of law from using § 28 as a vehicle to obtain damages from the CITY OF CONCORD and any of its police officers or employees.

### III. CONCLUSION

Plaintiffs' Opposition failed to overcome the key arguments in the Concord Defendants' Motion. The ESTATE failed to identify any *recognized* Fourteenth Amendment violation against Mr. Burns, separate from an alleged Fourth Amendment violation. The ESTATE failed to identify any facts that demonstrate a *plausible* conspiracy to violate Mr. Burns' constitutional rights—in particular, there is not one piece of evidence demonstrating a "meeting of the minds" amongst any officers to seriously harm and/or kill Mr. Burns. Likewise, TAMMY BURNS, JOHN BURNS, and BOBBY LAWRENCE failed to identify any federal right *underlying* their conspiracy claim, as there is no federal right to have the police and/or district attorney's office conduct a criminal investigation in a particular way. Article I, § 28 of the California Constitution neither confers a private cause of action for damages against a public entity nor a private cause of action based on an insufficient criminal investigation. Lastly, TAMMY BURNS and JOHN BURNS are unable to plead any facts that would allow them to recover damages due to IIED or

REPLY OF CONCORD RELATED DEFENDANTS    8
FOR MOTION TO DISMISS PLAINTIFFS' SECOND
AMENDED COMPLAINT – C14-00535 LB

1  NIED, while the ESTATE apparently concedes that Mr. Burns cannot recover for his alleged pain
2  and suffering. It is doubtful that Mr. Burns suffered any economic damages arising from the May
3  10, 2013, incident, and in fact, Plaintiffs have pointed to none. Therefore, it is proper for the
4  Court to dismiss portions of Plaintiffs' SAC pertaining to the First, Second, Fifth, Ninth, Tenth,
5  and Twelfth Causes of Action, without leave to amend.

Dated: October 1, 2014

McNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Laura A. Cox
Attorneys for Defendants
City of Concord, Chief Guy Swanger, James
Nakayama, Mike Hansen, and Tom Parodi

REPLY OF CONCORD RELATED DEFENDANTS         9
FOR MOTION TO DISMISS PLAINTIFFS' SECOND
AMENDED COMPLAINT – C14-00535 LB