1  Gregory M. Fox, State Bar No. 070876
   BERTRAND, FOX & ELLIOT
2  The Waterfront Building
   2749 Hyde Street
3  San Francisco, California 94109
   Telephone:     (415) 353-0999
4  Facsimile:     (415) 353-0990
   Email:  gfox@bfesf.com
5
   Attorneys for Defendants
6  CITY OF ANTIOCH; CHIEF ALAN CANTANDO
   AND OFFICER JAMES STENGER
7
                UNITED STATES DISTRICT COURT
8
                NORTHERN DISTRICT OF CALIFORNIA
9

10  JOHN BURNS,                          Case No. C14-00535 LB

11         Plaintiff(s),                 **DEFENDANTS CITY OF ANTIOCH, CHIEF OF
                                         POLICE ALAN CANTANDO AND JAMES
12  v.                                   STENGER'S REPLY TO PLAINTIFFS'
                                         OPPOSITION TO MOTION TO DISMISS
13  CITY OF ANTIOCH,                     PLAINTIFFS' SECOND AMENDED
                                         COMPLAINT**
14         Defendant(s).                 **[FRCP RULE 12(b)(6)]**

15                                       **DEFENDANTS DEMAND JURY TRIAL**

16                                       Date:   October 16, 2014
                                         Time:  9:30 a.m.
17                                       Courtroom: C, 15th Floor

18
                                         Honorable Laurel Beeler
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.     INTRODUCTION ..................................................................................................1

II.    LEGAL ARGUMENT ...........................................................................................1

    A.    Plaintiffs' Amended Complaint Fails to State Facts and Is Subject to Dismissal Under Federal Rules of Civil Procedure 12(b)(6)....................................1

    B.    The Third Cause of Action Is Unsupported By Facts and Should Be Dismissed ...............2

        1.    The Third Cause of Action Fails to State a Fourteenth Amendment Substantive Due Process Claim ...........................................................................2

        2.    The Complaint Fails to State a Procedural Due Process Claim.............................3

        3.    The Third Cause of Action States No Claim Against the CITY OF ANTIOCH.......................................................................................................4

        4.    The SAC States No Personal Capacity Claim Against Chief CANTANDO..........6

    C.    The Fifth Cause of Action Fails to State a § 1983 Conspiracy Claim ................................7

    D.    The Eighth Cause of Action Fails to State A *Monell* Claim Against the CITY OF ANTIOCH or Chief CANTANDO ..................................................................10

    E.    The Intentional Infliction of Emotional Distress Claim Is Unsupported By Facts............12

    F.    The Negligent Infliction of Emotional Distress Claim Is Unsupported By Facts ............13

    G.    Cause of Action Twelve Under the California Constitution States No Valid Claim.........14

III.    CONCLUSION....................................................................................................15

DEFENDANTS REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT -*Burns v. City of Antioch*, USDC Northern Dist. Case No.:  3:14-cv-00535 LB

1

TABLE OF AUTHORITIES

2

**Cases**

3

*Albright v. Oliver*
    510 U.S. 266 (1994)............................................................................................2, 8, 15

4

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*
    7 Cal.4th 503 (1994)......................................................................................13

5

6

*Aquino v. Superior Court*
    21 Cal.App.4th 847 (1993) ..........................................................................12

7

*Arres v. City of Fresno*
    2011 WL 284971 at *5 (E.D. Cal. 2011).......................................................6, 7

8

9

*Ashcroft v. Iqbal*
    556 U.S. 662, 129 S. Ct. 1937 (2009)......................................................passim

10

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007)..........................................................................1, 2, 10, 11

11

12

*Board of Regents v. Roth*
    408 U.S. 570-71 (1972) ...............................................................................3

13

*Board of the County Commssrs. of Bryan County v. Brown*
    520 U.S. 397 (1996)......................................................................................4

14

15

*Brown v. Poway Unified School Dist.*
    4 Cal.4th 820 (1993) ....................................................................................13

16

*Burns v. County of King*
    883 F.2d 819 (9th Cir. 1989) .......................................................................1, 8, 10

17

18

*Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff*
    533 F.3d 780 (9th Cir. 2008) ......................................................................6

19

*Chappel v. Rich*
    340 F.3d 1279 (2002)...................................................................................9

20

21

*Christensen v. Superior Court*
    54 Cal.3d 868 (1991) ..................................................................................12, 14

22

*Christie v. Iopa*
    176 F.3d 1231 (9th Cir. 1999) ....................................................................12

23

24

*City of Canton v. Harris*
    489 U.S. 378 (1988)......................................................................................4, 6

25

*City of Los Angeles v. Heller*
    475 U.S. 796 (1986)......................................................................................4, 5, 10

26

27

*Clausing v. San Francisco Unified School Dist.*
    221 Cal.App.3d 1224 (1990) .......................................................................14

28

ii

*Cleveland Bd. of Educ. v. Loudermill*
470 U.S. 532 (1985) ...................................................................................3

*Clouthier v. County of Contra Costa*
591 F.3d 1232 (9th Cir. 2010) ...............................................................4, 10

*Crowe v. County of San Diego*
608 F.3d 406 (9th Cir. 2010) .....................................................................8

*Davis v. Powell*
901 F.Supp.2d 1196 (S.D. Cal. 2012) .........................................................8

*Eastburn v. Regional Fire Protection Agency*
31 Cal.4th 1175 (2003) .............................................................................13

*Erickson v. U.S.*
67 F.3d 858 (9th Cir.1995) ..........................................................................3

*Forrett v. Richardson*
112 F.3d 416 (9th Cir. 1997) .....................................................................10

*Franklin v. Fox*
312 F.3d 423 (9th Cir. 2002) .......................................................................8

*Gates v. Superior Court*,
32 Cal.App.4th 481 (1995) .........................................................................15

*Gillette v. Delmore*
979 F.2d 1342 (9th Cir. 1992) ...................................................................12

*Graham v. Conor*
490 U.S. 386 (1989) ....................................................................................2

*Harris v. Roderick*
126 F.3d 1189 (9th Cir. 1997) ................................................................8, 10

*Hoff v. Vacaville Unified School Dist.*
19 Cal.4th 925 (1998) ...............................................................................13

*Ivey v. Board of Regents of University of Alaska*
673 F.2d 266 (9th Cir. 1982) .............................................................1, 7, 8

*J.L. v. Children's Institute, Inc.*
177 Cal.App.4th 388 (2009) ......................................................................14

*Jeffers v. Gomez*
267 F.3d 895 (9th Cir. 2001) .......................................................................7

*Katzberg v. Regents of Univ. of Cal.*
29 Cal.4th 300 (2002) ...............................................................................14

*Kentucky v. Graham*
473 U.S. 159 (1985) ....................................................................................6

*Le v. Hilton Hotel*
2010 WL 144809, *12 (N.D. Cal. 2010) .....................................................2

iii

*Leger v. Stockton School Dist.*
    202 Cal.App.3d 1488 (1988) ................................................................................. 14

*Long v. City, County of Honolulu*
    2003 WL 124256 (D. Hawaii 2003) ........................................................................ 4

*Luke v. Abbot*,
    954 F.Supp. 202 (C.D. Cal. 1997) ................................................................... 10, 12

*Margolis v. Ryan*
    140 F.3d 850 (9th Cir. 1998) ................................................................................... 8

*Mathews v. Eldridge*
    424 U.S. 319 (1976) ................................................................................................ 3

*Meachum v. Fano*
    427 U.S. 215 (1976) ................................................................................................ 3

*Mendocino Environ. Center v. Mendocino* County
    192 F.3d 1283 (9th Cir. 1999) ................................................................................ 8

*Miller v. California*
    355 F.3d 1172 n.3 (9th Cir. 2004) .......................................................................... 8

*Monell v. New York City Dept. of Social Services*
    436 U.S. 658 (1978) ....................................................................................... 4, 6, 7, 10

*Munoz v. City of Union City*
    120 Cal.App.4th 1077 (2004) ................................................................................ 14

*Neal v. Shimoda*
    131 F.3d 818 (9th Cir.1997) ................................................................................... 3

*Olsen v. Idaho State Bd. Of Medicine*
    262 F.3d 916 (9th Cir. 2004) ................................................................................. 8

*Paul v. Davis*
    424 U.S. 693 (1976) ................................................................................................ 3

*Portman v. County of Santa Clara*
    995 F.32d 898 (9th Cir. 1993) ............................................................................... 3

*Quick v. Jones*
    754 F.2d 1521 (9th Cir.1985) ................................................................................ 3

*Saunders v. Superior Court*
    27 Cal.App.4th 832 (1994) .................................................................................... 13

*Scott v. Henrich*
    39 F.3d 912 (9th Cir. 1992); *cert. denied*, 515 U.S. 1159 (1995) ................... 4, 10

*Taylor v. List*
    880 F.2d 1040 (9th Cir. 1989) ............................................................................... 7

*Vasquez v. Hernandez*
    60 F.3d 325 (7th Cir. 1995) ................................................................................... 9

iv

*Wigfall v. City and County of San Francisco*
    2007 WL 174434, *4 (N.D. Cal. 2007) ............................................................... 14, 15

*Wong v. Tai Jing*
    189 Cal.App.4th 1354 (2010) ............................................................................... 12

*Wyatt v. Cole*
    504 U.S. 158 (1992) ............................................................................................ 8, 15

**<u>Statutes</u>**

42 U.S.C.
    § 1983 ............................................................................................................... passim

Federal Rules of Civil Procedure
    12(b)(6) ............................................................................................................. 1, 2

Gov. Code
    § 815.2 ............................................................................................................... 13
    § 820.8 ............................................................................................................... 13
    §26505 ............................................................................................................... 9

**<u>Other Authorities</u>**

California Constitution, Article 1, section 28 ............................................................ 8, 14, 15

## I. INTRODUCTION

Plaintiffs' argue the ANTIOCH defendants are liable for the alleged misconduct of the Concord defendants because the incident occurred in Antioch, ANTIOCH PD allegedly knew the Concord defendants were conducting an undercover operation in ANTIOCH, and ANTIOCH Police Officer STENGER, <u>after</u> the shooting by Concord Police, was part of the incident investigation.  But there are <u>no facts whatsoever</u> to support a conspiracy claim against Officer STENGER or Chief CANTANDO under § 1983, or any theory.  General knowledge the Concord Police Department would be conducting an operation in Antioch or permitting Concord PD to operate within City limits does not support the inferential leap that Officer STENGER and Chief CANTANDO  were part of a conspiracy with Concord Police Officers <u>before the incident</u> to unlawfully seize and ultimately shoot decedent.  Allegations that Officer STENGER investigated the Concord  defendants  conduct <u>after the incident</u>, that he put Concord Officers in a hotel and did not condemn their actions, or complete his investigation as quickly as plaintiffs wanted are equally inadequate to show involvement in a conspiracy with Concord Police Officers for their already completed acts.  Attempts to now add a claim against Chief CANTANDO in his individual capacity and impose personal liability on him is improper, directly contrary to the allegations in the complaint and wholly unsupported by facts.

Plaintiffs' allegations fall well short of Ninth Circuit standards, requiring conspiracy claims to be pleaded with particularity (*Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266 (9th Cir. 1982), *Burns v. County of King*, 883 F.2d 819 (9th Cir. 1989), and fail to show a **plausible** right to relief as required under Supreme Court authority.  (*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).)  Conclusions, speculation and "naked assertions" devoid of "further factual enhancement" are insufficient.  (*Iqbal*, 556 U.S. 662; *Twombly*, 550 U.S. 544.)  Plaintiffs cannot ignore their burden to plead *facts* showing a <u>plausible</u> right to relief.

## II. LEGAL ARGUMENT

### A. Plaintiffs' Amended Complaint Fails to State Facts and Is Subject to Dismissal Under Federal Rules of Civil Procedure 12(b)(6)

To survive a motion to dismiss plaintiffs must allege "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" (*Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.) "A claim has facial plausibility when....[it] **asks for more than a sheer possibility that a**

---

1

**defendant has acted unlawfully….**'"  [Emphasis added.]  (*Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.)  "**Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**….[O]**nly a complaint that states a** <u>plausible</u> **claim for relief survives a motion to dismiss**."  [Emphasis added.]  (*Iqbal*, 556 U.S. at 678.)   As discussed fully in defendants' moving papers and below, the SAC fails to  state a claim against the ANTIOCH defendants.

**B.    The Third Cause of Action Is Unsupported By Facts and Should Be Dismissed**

**1.    The Third Cause of Action Fails to State a Fourteenth Amendment Substantive Due Process Claim**

LAWRENCE's third cause of action asserts claims for wrongful seizure and detention by police, and his claims must be limited to Fourth Amendment analysis because the Fourth Amendment specifically addresses unlawful searches and seizures.  (*Graham v. Conor*, 490 U.S. 386, 394 (1989).)[1] The constitutionality of a detention or arrest may be challenged only under the Fourth Amendment. (*Albright v. Oliver*, 510 U.S. 266, 273 (1994); *see also Le v. Hilton Hotel*, 2010 WL 144809, *12 (N.D. Cal. 2010), wherein Judge Hamilton noted "Substantive due process does not extent to circumstances already addressed by other constitutional provisions.")

The Fourteenth Amendment confers both substantive and procedural rights, and is inapplicable to LAWRENCE's claims.  (*Albright*, 510 U.S. at 272.)  "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity."  (*Id*. at 271-272.)  By contrast, areas of law enforcement procedure, such as unlawful seizure, are "markedly different from those recognized in this group of cases" and the Court applies the specific guarantees of particular Amendments rather than the more generalized language of the Fourteenth Amendment.  (*Id*. at 272, 273.)  "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'"  (*Id*. at 273; *Graham*, 490 U.S. at 394.)  "**The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it**."  [Emphasis added.]  (*Id*. at 274.)  The Fourteenth Amendment thus is inapplicable to LAWRENCE's claims that he was unlawfully detained,

---

[1] Plaintiffs' argument that the motion must be dismissed because it does not challenge whether plaintiffs pled a Fourth Amendment violation is meritless and unsupported by any authority.  Rule 12(b)(6) permits defendants to challenge a complaint for failure to state a "claim," and plaintiffs cannot avoid dismissal merely by combining insufficiently pled and incognizable claims with other claims.

DEFENDANTS REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT -*Burns v. City of Antioch*, USDC Northern Dist. Case No.:  3:14-cv-00535 LB

arrested, imprisoned and interrogated because the Fourth Amendment provides an explicit textual source of constitutional protection for pretrial deprivations of liberty.

Plaintiffs' arguments that substantive due process claims may be asserted by "the parents and children of a person killed by law enforcement officers" are irrelevant to any issue and unavailing.  The third cause of action is brought on behalf of plaintiff LAWRENCE <u>only</u>, and there are no allegations anywhere that he was the parent or child of decedent, that LAWRENCE had any constitutionally protected relationship with decedent or that defendants interfered with his constitutionally protected relationship with decedent.  Plaintiffs' opposition identifies no basis in law or fact to support a substantive due process claim on behalf of LAWRENCE.

**2.     The Complaint Fails to State a Procedural Due Process Claim**

Plaintiffs now assert they are claiming a violation of LAWRENCE's procedural due process rights, however, the SAC contains no facts to support any such claim.  To state a procedural due process claim, a plaintiff must plead facts showing "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process."  (*Portman v. County of Santa Clara*, 995 F.32d 898, 904 (9th Cir. 1993).)  Interests that are procedurally protected by the Due Process Clause may arise from two sources–the Due Process Clause itself and laws of the states. (*See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).)  "But the range of interest protected by procedural due process is not infinite."  (*Board of Regents v. Roth*, 408 U.S. 570-71 (1972).)  The Fourteenth Amendment is not "a font of tort law to be superimposed upon whatever systems may already be administered by the States."  (*Paul v. Davis*, 424 U.S. 693, 701 (1976).)  Even where a protected interest is established, the court must determine what process is due before the interest may be taken away. (*See Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976); *Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir.1997); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).)  The court must balance the risk of an erroneous deprivation, the government's interest in providing specific procedures, and the strength of the individual's interest. (*See Erickson v. U.S.*, 67 F.3d 858, 863 (9th Cir.1995); *Mathews*, 424 U.S. at 334-35 (employing balancing test to determine process due). This determination is a matter of federal law; it is not restricted by any specific procedures mandated by state statute or regulation.  (*See Mathews*, 424 U.S. at 334-35; *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir.1985).)

Plaintiffs' SAC states no facts showing LAWRENCE was entitled to any particular procedure,

3

that he was denied that specific procedure and that he was detained and interrogated in violation of some specific procedural process.  The complaint alleges only that after he was arrested by Concord Police officers he was held at the Antioch police station, questioned about the incident in a manner he found intimidating and then released after posting bail.  There are no allegations at all showing LAWRENCE was entitled to any type of detention or interrogation procedure, or alternate procedure for release without posting bail.  Plaintiffs' arguments that LAWRENCE's detention and interrogation were unsupported by probable cause and unreasonable, at best, asserts only a claim for violation of Fourth Amendment rights; they state nothing about the process available and afforded to LAWRENCE and are insufficient to support a procedural due process claim.  There are no facts to support a Fourteenth Amendment procedural due process claim against the ANTIOCH defendants.

### 3. The Third Cause of Action States No Claim Against the CITY OF ANTIOCH

Local governing bodies can be sued directly under § 1983 only where the alleged unconstitutional conduct is the result of an official policy, pattern or practice. (*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978); *Clouthier v. County of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010); *City of Canton v. Harris*, 489 U.S. 378, 389 (1988); *Board of the County Commssrs. of Bryan County v. Brown*, 520 U.S. 397, 404 (1996).)  "[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and **must demonstrate a direct causal link between the municipal action and the deprivation of federal rights**."  [Emphasis added.]  (*Brown*, 520 U.S. at 404.)  "[R]igorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." (*Id.* at 405.)  Further, "While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights." (*Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1992); *cert. denied*, 515 U.S. 1159 (1995)[2]; *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).)

The SAC states no facts at all to support a *Monell* municipal liability claim, and plaintiffs' opposition provides no basis to withstand dismissal.  First, plaintiffs' claim that the complaint alleges the CITY OF ANTIOCH "expressly condoned the dispatch of unmarked Police Department vehicles to forcefully apprehend and attack a defenseless individual" and citation to "SAC ¶¶24, 33" is erroneous

---

[2] Overruled in part on unrelated grounds, as stated in *Long v. City, County of Honolulu*, 2003 WL 124256 (D. Hawaii 2003).

DEFENDANTS REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' SECOND
AMENDED COMPLAINT -*Burns v. City of Antioch*, USDC Northern Dist. Case No.:  3:14-cv-00535 LB

and fails to support a *Monell* claim.  The SAC in fact states only that the incident occurred within the CITY OF ANTIOCH and that the Concord Police Department conducted an undercover operation with the CITY's permission.  There are no allegations at all that the CITY OF ANTIOCH knew the parameters or particular tactics the Concord Police Department would employ, that a forceful apprehension would occur, that any force was planned or intended, that the suspect was "defenseless" or that any alleged "attack" would occur.  The SAC does not contain the allegations plaintiffs now cites.

Second, conclusory allegations and speculation that the CITY OF ANTIOCH covered up its misconduct by "allowing Concord to execute a resident of its town" and covering up the Concord Police Department's misconduct fails to support a *Monell* claim.  There are no <u>facts</u> showing ANTIOCH "allowed" Concord Police to "execute" anyone, or any facts showing ANTIOCH defendants "covered up" the Concord Police Department's actions.  Conclusions that misconduct occurred and speculation that some cover up occurred are not facts sufficient to support a valid claim.  More significantly, these assertions fail to show a violation of LAWRENCE's constitutional rights, and *Monell* liability cannot attach absent an underlying violation of constitutional rights.  (*Heller*, 475 U.S. at 799.)

Third, conclusions that ANTIOCH adopted and employs a County-wide "Protocol" whereby multiple law enforcement agencies investigate matters like the subject incident, allowing law enforcement agencies to protect one another, and the co-defendants "continued their concerted efforts to conceal the misconduct with the assistance of the Antioch Police Department pursuant to the "Protocol'" are insufficient.  (SAC ¶¶43-44.)  There are no <u>facts</u> demonstrating a direct causal link between ANTIOCH's adoption of the "Protocol" and a violation of LAWRENCE's rights by an ANTIOCH police officer, including Officer STENGER.  The allegations show Officer STENGER was not involved in seizing, detaining or arresting LAWRENCE or using any force against him.  That Officer STENGER subsequently questioning LAWRENCE about the incident in an "intimidating" manner is not a violation of his constitutional rights.  LAWRENCE has no constitutionally protected right to a specific type of investigation or to have officers speak to him a particular, unintimidating manner.  Similarly, allegations that Officer STENGER participated in creating a partial/false audio recording of LAWRENCE's interview, and allegations that unidentified ANTIOCH officers participated with co-defendants to fabricate information after the incident to conceal Concord officers' conduct fails to show a violation of LAWRENCE's constitutional rights.

Plaintiffs' argument that the "protocol allows agencies to self-govern their *own officers' misconduct* under the guise of an independent investigation" adds nothing to state a *Monell* claim. (Oppos., 9:5-8, italics in original.)  ANTIOCH officers were not involved in contacting decedent or in seizing or arresting LAWRENCE.  The CITY OF ANTIOCH was not "self-governing" its "own officers' misconduct" pursuant to the protocol, but rather, as the SAC alleges, it was investigating the conduct of the Concord Police Officers in the incident.  Consequently, even if such allegations were contained in the SAC, which they are not, the allegations fail to support a *Monell* claim against the CITY OF ANTIOCH.

Argument that the individual ANTIOCH defendants are liable for the acts of the Concord Police officers based on conspiracy theories and that the CITY OF ANTIOCH thus is "wholly liable" for the acts of the Concord Police is meritless.  The SAC fails to state facts supporting a valid conspiracy theory, and the CITY OF ANTIOCH cannot be vicariously liable under § 1983 for an alleged "conspiracy" or misconduct by individual officers. (*Monell*, 436 U.S. 658; *City of Canton*, 489 U.S. at 389.)  The SAC fails to show ANTIOCH's policies or actions were the moving force behind any violation of LAWRENCE's constitutional rights, and fails to state a claim against the CITY OF ANTIOCH.

### 4.    The SAC States No Personal Capacity Claim Against Chief CANTANDO

Plaintiffs do not dispute that their section 1983 claims against Chief CANTANDO in his official capacity are the equivalent of their claims against the CITY OF ANTIOCH, and the claims against Chief CANTANDO should be dismissed as unnecessarily redundant.  Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." (*Monell*, 436 U.S. at 690, n. 55.)  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." (*Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985); *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff*, 533 F.3d 780, 799 (9th Cir. 2008), *Arres v. City of Fresno*, 2011 WL 284971 at *5 (E.D. Cal. 2011).)  "If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant."  (*Arres*, 2011 WL 284971 at *6.)  The claims against Chief CANTANDO are brought against him in his official capacity **only**. (SAC ¶25.) The official capacity claims are the equivalent of the claims against the CITY OF ANTIOCH, and thus are unnecessarily redundant and should be dismissed without leave to amend.

Plaintiffs' argument that Chief CANTANDO should not be dismissed because he is named in

both his official capacity and personal capacity is plainly incorrect and directly contradicted by the allegations in the SAC.  Paragraph 25 states, "Allan [sic] Cantando is the Chief of Police for the City of Antioch.  **He is sued in his official capacity**." (SAC ¶25, emphasis added.)  The caption of the SAC likewise identifies "CHIEF ALLAN CONTADO [sic] in his official capacity."  That plaintiffs' SAC included allegations Chief CANTANDO "acted on behalf of the City of Antioch, individually and in concert with other defendants" does not change the capacity in which he was sued.  Plaintiffs previously made similar claims that Mark Peterson was sued in both his individual and official capacities, and this Court found such claims unavailing because "this is not what the First Amended Complaint says." (Order dated July 22, 2014, 7:10-13; see also FAC  ¶6, wherein plaintiffs alleged only "Peterson is sued in his official capacity".)  This action is not brought against Chief CANTANDO in his personal capacity.

Moreover, even if the SAC included a personal capacity claim, which it does not, there are no facts to state a claim against Chief CANTANDO personally.  The arguments regarding supervisory liability are irrelevant.  "A supervisor may be liable under § 1983 only if there exists either '(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" (*Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001); *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691.)  "A supervisor is liable for the constitutional violations of his subordinates only if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).)  "**Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss**." [Emphasis added.]  (*Ivey*, 673 F.2d at 268; *Arres*, 2011 WL284971 at \*17, *citing Gomez*, 267 F.3d at 915, "the causal link between [a supervisory official] and the claimed constitutional violation must be specifically alleged and proved.")  Plaintiffs' SAC fails to state any facts <u>at all</u> showing Chief CANTANDO participated in the incident, or caused any violation of LAWRENCE's constitutional rights to occur.  Conclusory allegations of a purported conspiracy are insufficient.  Accordingly, leave to amend to insert a claim against Chief CANTANDO in his personal capacity is unwarranted and futile.

### C.      The Fifth Cause of Action Fails to State a § 1983 Conspiracy Claim

Plaintiffs ignore Ninth Circuit authority and requirements to adequately plead a §1983 conspiracy claim.  The SAC states no facts at all showing any conduct by Officer STENGER or Chief CANTANDO

DEFENDANTS REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' SECOND
AMENDED COMPLAINT -*Burns v. City of Antioch*, USDC Northern Dist. Case No.:  3:14-cv-00535 LB

1   that violated plaintiffs' constitutional rights, or any facts to state a §1983 conspiracy claim against either

2   individual. "To establish liability for a conspiracy in a §1983 case, a plaintiff must 'demonstrate the

3   existence of an agreement or meeting of the minds' to violate constitutional rights. … **each participant**

4   **must at least share the common objective of the conspiracy**." [Emphasis added.] (*Crowe v. County*

5   *of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010), *citing Mendocino Environ. Center v. Mendocino*

6   County, 192 F.3d 1283, 1301 (9th Cir. 1999); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002).)   It is

7   well settled that pleading a conspiracy requires more than a conclusory allegation that defendants

8   conspired to deprive plaintiff's civil rights.   The Ninth Circuit applies a heightened pleading standard to

9   §1983 conspiracy claims and holds that bare allegations a defendant conspired with another are

10  insufficient to state a claim.  (*Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *Burns*, 883 F.2d

11  at 821; *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).)   A "plaintiff **must allege facts with**

12  **sufficient particularity** to show an agreement or meeting of the minds to violate the plaintiff's

13  constitutional rights." [Emphasis added.] (*Davis v. Powell*, 901 F.Supp.2d 1196, 1217 (S.D. Cal. 2012);

14  *Miller v. California*, 355 F.3d 1172, 1177 n.3 (9th Cir. 2004).) "Vague and conclusory allegations of

15  official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  (*Ivey*,

16  673 F.2d at 268.)   Plaintiffs alleging a conspiracy to violate civil rights "**must state specific facts** to

17  support the existence of the claimed conspiracy."  [Emphasis added.]  (*Burns*, 883 F.2d at 821; *Olsen v.*

    *Idaho State Bd. Of Medicine*, 262 F.3d 916, 929 (9th Cir. 2004).)

18          Plaintiffs' SAC fails to state any §1983 conspiracy claim.   First, plaintiffs' claims for conspiracy

19  to violate their rights as "victims" under the California Constitution, Article I Section 28, based on claims

20  they "have been denied access to the course of justice available to victims through the criminal justice

21  system" are untenable.  (SAC ¶28.)  Claims for violation of the California Constitution are improper and

22  cannot support a cognizable §1983 claim.   Section 1983 "provides 'a method for vindicating <u>federal</u>

23  <u>rights</u> [and]…The first step in any such claim is to identify the specific constitutional right allegedly

24  infringed."  [Emphasis added.]  (*Albright*, 510 U.S. 271; *Wyatt v. Cole*, 504 U.S. 158, 161 (1992), § 1983

25  protects against violation of "<u>federally guaranteed rights.</u>")   Claims that defendants conspired to violate

26  plaintiffs' rights under the California Constitution and deprived them of protections under the California

27  Victims Bill of Rights fails to support a claim under § 1983.

28          Second, § 1983 conspiracy claim based on an alleged conspiracy in the subsequent investigation

                                                            8

to conceal the completed, prior acts of the Concord police in the incident, likewise fail because such claims again do not implicate the violation of any constitutional or federal statutory right.  There is no constitutional or federal right to a particular investigation, investigation procedure or conclusion.  Claims based on the manner in which the incident subsequently was investigated fail to support any claim under §1983, including a conspiracy claim, as defendants cannot be liable for conspiracy under §1983 that does not result in violation of a constitutional or federal right.

Arguments that the purported conspiracy regarding the subsequent investigation violated their right of access to the courts are entirely meritless.  Plaintiffs have no constitutional right to "seek justice in the criminal courts" or to institute any criminal prosecution.  The District Attorney is generally charged the discretion to initiate and conduct criminal prosecution on behalf of the people; plaintiffs have no constitutional right to prosecute a criminal action.  (Cal. Gov. Code §§26505 *et seq.*)  Arguments they were "denied the ability to seek restitution against Defendants" also are meritless, particularly given that they are pursuing this action.  Claims that their rights were violated because defendants denied them access to the courts to seek redress as victims of a crime are equally baseless.  This action shows plaintiffs were not denied access to the courts or a meaningful opportunity to seek redress.  That the investigation did not conclude as plaintiffs wanted and did not bolster this present action does not violate any constitutional right.  Plaintiffs' reliance on out of Circuit authority is not controlling, and in fact the cases upheld dismissal of similar claims.  (*See*, *e.g.*, *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995) and *Chappel v. Rich*, 340 F.3d 1279 (2002), dismissal of similar claims in both cases affirmed.)

Third, the SAC notably contains <u>no facts at all</u> showing any agreement or "meeting of the minds" between Officer STENGER, Chief CANTANDO and anyone else, or *facts* that Officer STENGER and Chief CANTANDO had a common objective or plan to violate decedent or plaintiffs' constitutional rights <u>before the shooting</u>, and thus  there is no basis to impose liability upon the ANTIOCH defendants for the completed acts of the co-defendants in the underlying shooting incident.  Allegations that defendants conspired and acted "in concert" are vaguely asserted, entirely conclusory and insufficient.  The SAC plainly shows Officer STENGER only was involved in the subsequent investigation, after the shooting incident and seizure of LAWRENCE already were completed by the Concord Police defendants.  There are no facts at all showing any agreement or "meeting of the minds" between Officer

9

STENGER, or any ANTIOCH defendant, and anyone else regarding the Concord defendants' alleged acts in approaching decedent, apprehending him, using force or seizing LAWRENCE.   Officer STENGER could not have conspired to commit already completed acts.   Vague assertions that defendants collectively acted in concert during the subsequent investigation likewise are plainly insufficient to satisfy the Ninth Circuit's heightened pleading requirements to state a valid conspiracy claim, or to meet plaintiffs' pleading burden under *Iqbal*, *supra*, and *Twombly*, *supra*.  (*Harris*, 126 F.3d at 1195; *Burns* 883 F.2d at 821.)

Fourth, the SAC fails to state facts to support any municipal liability claim.  The complaint fails to show an alleged conspiracy violated any constitutional or federally protected right, thus the §1983 conspiracy claim is untenable because *Monell* municipal liability "is contingent on a violation of constitutional rights."  (*Scott*, 39 F.3d at 916; *Heller*, 475 U.S. at 799.)  The complaint also fails to show a policy or custom of the CITY OF ANTIOCH was the moving force behind any constitutional violation. (*Monell*, 436 U.S. at 691; *Clouthier*, 591 F.3d 1232, see Section "D" of defendants' moving brief, and Section "B", *infra*, incorporated herein by reference.) Further, the claims against Chief CANTANDO again are unnecessarily redundant of the claims against the CITY OF ANTIOCH and should be dismissed.  (*Luke*, 954 F.Supp. at 204.)  The SAC does not state any claim against Chief CANTANDO in his individual capacity, and there are no facts alleged to support a conspiracy claim against him.

Plaintiffs cannot rely on conclusions, to show the existence of a § 1983 conspiracy.  The SAC fails to show a plausible right to relief under a §1983 conspiracy theory.

**D.    The Eighth Cause of Action Fails to State A *Monell* Claim Against the CITY OF ANTIOCH or Chief CANTANDO**

The SAC shows no constitutional violation by any ANTIOCH personnel, thus the SAC fails to show any policy, custom or practice of the CITY OF ANTIOCH had any causal connection, or was the moving force behind any constitutional violation.  (*Heller*, 475 U.S. at 799; *Forrett v. Richardson* 112 F.3d 416 (9th Cir. 1997).)  Officer STENGER was not involved in the confrontation with decedent or LAWRENCE's seizure; he used no force against anyone; he was not involved in planning or implementing the Concord undercover operation or investigation and contact of decedent; and there are no facts at all to establish a conspiracy claim against Officer STENGER such that he could be liable for the acts of the Concord Police defendants.  The complaint alleges only that the incident occurred within

DEFENDANTS REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT -*Burns v. City of Antioch*, USDC Northern Dist. Case No.:  3:14-cv-00535 LB

the ANTIOCH boundaries, and ANTIOCH permitted Concord to conduct law enforcement maneuvers in the City.  (SAC ¶33.)  There are no facts showing a constitutional violation by any ANTIOCH personnel in the underlying incident.  Allegations regarding Officer STENGER's subsequent investigation of the completed incident fails to show a violation of any constitutional or federally protected right, as there is no right to any particular level of police investigation or methods.  Given that plaintiffs fail to show an underlying constitutional violation by an ANTIOCH officer, the *Monell* claims are untenable.

Further, the complaint fails to state facts showing any ANTIOCH municipal action was the moving force behind a constitutional violation.  Plaintiff's conclude the CITY OF ANTIOCH had policies, practices and customs of deliberate indifference which caused violations of their rights (SAC ¶113); it had a policy and/or custom of inadequate supervision and training on police misconduct investigations and to assist other agencies in concealing misconduct (SAC ¶114); and it failed to adequately train its officers on matters they could be required to investigate (SAC ¶115).  The SAC states nothing more than "labels and conclusions" and "a formulaic recitation of the elements" of a *Monell* cause of action is inadequate to state a valid claim.  *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555.)

Allegations that ANTIOCH knew of the propensity of the *Concord Police Department and Concord Police Officers* to engage in unlawful acts in violation of constitutional rights, yet failed to correct such conduct is plainly improper to state a claim against the CITY OF ANTIOCH.  (SAC ¶116.)  ANTIOCH has no authority or responsibility for the conduct of the Concord Police Department or its officers, and its liability cannot be premised on the conduct of employees of an entirely separate public entity.  Further, allegations that ANTIOCH knew of excessive force issues yet failed to discipline its officers and those of the Concord Police Department likewise are insufficient to state a *Monell* claim.  ANTIOCH has no authority or responsibility to discipline Concord's police officers.  Officer STENGER did not use force against anyone in this case, and issues of excessive force are irrelevant to any municipal liability claim against ANTIOCH.   Officer STENGER's only involvement was in the subsequent investigation of the completed incident, and ANTIOCH's alleged failure to discipline officers regarding excessive force was not the "moving force" behind an alleged constitutional violation.

Plaintiffs' allegation that Chief CANTANDO or the CITY OF ANTIOCH "endorsed the killing of Charles Burns" by *Concord Police officers* by putting the *Concord Police* officers in hotel fails to support a ratification claim    "To show ratification, a plaintiff must prove that the 'authorized

11

policymakers approve a subordinate's decision and the basis for it." (*Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999).)  It requires that municipal policymakers make a deliberate choice to endorse a subordinate's decision and the basis for it.  (*Gillette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992).) "[A] policymaker's mere refusal to overrule a subordinate's completed act does not constitute approval.  'To hold cities liable under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into section 1983." [Emphasis added.]  (*Christie*, 176 F.3d at 1239-1240.) "**We decline to endorse this end run around Monell**." (*Gillette*, 979 F.2d at 1348.)  The CITY OF ANTIOCH cannot be liable under section 1983 for not "overruling" or failing to condemn the Concord Police officers' actions.

Plaintiffs' argument that adoption of the "protocol" shows *Monell* liability again is meritless.  As set forth in Section "B" above (and incorporated herein by reference), there are no allegations showing ANTIOCH condoned the dispatch of Concord Police to "forcefully apprehend and attack a defenseless individual" or that it allowed Concord Police to execute someone and cover up its acts; the only allegations are the incident occurred within the ANTIOCH boundaries and Concord Police had alleged permission to act within ANTIOCH. Argument that the "protocol allows agencies to self-govern their *own officers' misconduct*" adds nothing to state a *Monell* claim.  ANTIOCH officers were not involved in the contact with decedent and LAWRENCE, thus ANTIOCH was not "self-governing" its "own officers' misconduct", but rather, as the SAC alleges, it was investigating the conduct of the Concord Police Officers. The SAC fails to state facts to support a *Monell* claim against ANTIOCH.

The *Monell* claims against Chief CANTANDO again is unnecessarily redundant and should be dismissed without leave to amend.  (*Luke v. Abbot*, 954 F.Supp. 202, 204 (C.D. Cal. 1997).)

### E.    The Intentional Infliction of Emotional Distress Claim Is Unsupported By Facts

To state an intentional infliction of emotional distress claim, plaintiffs must allege facts showing outrageous conduct by the defendant, intended to inflict injury or engaged in with the realization that injury will result. (*Aquino v. Superior Court*, 21 Cal.App.4th 847, 856 (1993); *Wong v. Tai Jing*, 189 Cal.App.4th 1354, 1376 (2010).) To be "outrageous" the conduct must be directed at the plaintiff and must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. (*Christensen v. Superior Court* (1991) 54 Cal.3d 868, 903.) Conclusory allegations are insufficient.

Plaintiffs do not dispute that there is no statutory basis for an intentional infliction of emotional

distress claim against a public entity directly, or that no statutory basis for the CITY OF ANTIOCH's liability is alleged in their SAC.  Argument that the claim should be read as stating a claim against the CITY OF ANTIOCH based on Gov. Code §815.2 and theories of vicarious liability is unavailing; such allegations are not contained in the complaint.  The ninth cause of action does not identify Gov. Code §815.2 as the basis for the CITY OF ANTIOCH's liability, and contains no allegations of vicarious liability or limiting the CITY's liability to respondeat superior theories.  No statutory basis is alleged, thus the ninth cause of action fails to state a claim against the CITY.  (*Hoff v. Vacaville Unified School Dist.* (1998) 19 Cal.4th 925, 932; *Brown v. Poway Unified School Dist.* (1993) 4 Cal.4th 820, 829.)

The SAC also fails to state facts to state an intentional infliction of emotional distress claim based on a conspiracy theory.  A civil conspiracy under state law requires "the formation and operation of the conspiracy and damage resulting…from an act or acts done in furtherance of the common design." (*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510-511 (1994); *Saunders v. Superior Court*, 27 Cal.App.4th 832, 845 (1994).)  It requires a "common plan or design" prior to engaging in any acts.  (*Id.*)  Plaintiffs' SAC fails to state facts showing a prior common plan or design between the ANTIOCH defendants or anyone else, or acts by ANTIOCH defendants done in furtherance of a common design.  Conclusions that defendants were "acting in concert and conspired with one another" are plainly insufficient.  (SAC ¶26.)  General allegations that ANTIOCH knew Concord Police would be conducting an operation with the Antioch City limits, and allegations about the subsequent investigation and conduct after the shooting was completed are insufficient to show a conspiracy that caused damage to plaintiffs. Claims that the *subsequent* investigation of decedent's death caused emotional distress to him *before* he died are irreconcilable and cannot support an emotional distress claim.

Plaintiffs do not dispute that the ANTIOCH defendants are immune from liability based on the conduct of the Concord Police defendants or others, and offer no opposition in this regard. (Gov. Code, §820.8.)  The ninth cause of action fails to state a claim for intentional infliction of emotional distress.

**F.     The Negligent Infliction of Emotional Distress Claim Is Unsupported By Facts**

Plaintiffs ignore that the CITY OF ANTIOCH's liability must be based on statute, and they do not dispute that the tenth cause of action fails to allege any statutory basis for a negligent infliction of emotional distress claim.  (*Hoff*, 19 Cal.4th at 932; *Eastburn v. Regional Fire Protection Agency* 31 Cal.4th 1175 (2003).)  The claim also is unsupported by facts. Negligent infliction of emotional distress is

13

merely a theory of negligence.  (*Christensen v. Superior Court*, 54 Cal.3d 868, 884 (1991).)  "To establish liability in negligence, it is a fundamental principle of tort law that there must be a *legal duty* owed to the person injured and a breach of that duty which is the proximate cause of the resulting injury.  'Absent a legal duty, any injury is an injury without actionable wrong.'" (*J.L. v. Children's Institute, Inc.*, 177 Cal.App.4th 388, 396 (2009); *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1094 (2004).)  Where a police officer's conduct is objectively reasonable under the circumstances, the officer has met his duty to use reasonable care and there can be no negligence liability.  (*Id.* at 1101.)

The SAC fails to state facts to establish any duty of care owed to plaintiffs by the ANTIOCH defendants; they had no duty to control the conduct of the Concord defendants, or anyone else, and they owed no legal duty to investigate the incident in a particular manner.  The complaint also fails to show any conspiracy by the ANTIOCH defendants, and states no facts showing the subsequent investigation, after the incident was completed, caused any injury to plaintiffs.  Their opposition arguments are not responsive to the issues raised in this motion and provide no basis to withstand dismissal.  For example, defendants did not "concede any duty was owed to plaintiffs" as they mistakenly assert, nor did they argue any physical injury was necessary to support a negligent infliction of emotional distress claim.  The negligent infliction of emotional distress claim is unsupported by facts and insufficient.

### G.    Cause of Action Twelve Under the California Constitution States No Valid Claim

The California Constitution, Article 1, section 28 does not provide a private cause of action for damages.  "The California Supreme Court has held that state constitutional provisions do not necessarily support a claim for monetary damages….Indeed, 'only two [California] decisions, each filed two decades ago, have recognized an action 'for damages to remedy a violation of the state Constitution…All subsequent decisions addressing the issue have declined to find such an action for damages." [Brackets in original.]  (*Wigfall v. City and County of San Francisco*, 2007 WL 174434, *4 (N.D. Cal. 2007), *citing Katzberg v. Regents of Univ. of Cal.*, 29 Cal.4th 300, 311 (2002).) California cases in fact specifically have held that Article 1, §28 does <u>not</u> give rise to a right to monetary damages.  (*See Leger v. Stockton School Dist.*, 202 Cal.App.3d 1488, 1456 (1988); *Clausing v. San Francisco Unified School Dist.*, 221 Cal.App.3d 1224, 1237-1238 (1990) "Thus, we conclude that section 28, subdivision (c)…does not provide an independent basis for a private right of action for damages."; *see also Gates v. Superior*

14

*Court*, 32 Cal.App.4th 481, 525 (1995).)   Similarly, in *Wigfall*, plaintiffs urged the court to permit damage claims under Art. 1, § 13 because the provision did not expressly forbid an award of monetary damages.   Judge Walker rejected this argument, noting that a damage remedy did not follow simply because the drafters neglected to disclaim a monetary remedy; "otherwise the entire California Constitution would be actionable for monetary relief."   (*Wigfall*, 2007 WL 174434, * 4.)   There is no authority permitting plaintiffs here to state a claim for damages for an alleged violation of Article 1, § 28.

Plaintiffs ignore that the California Constitution Article 1, § 28 does not provide them with a private right of action for damages.   Arguments as to whether they may allege constitutional violations in federal court under § 1983 are inapposite and unavailing as to whether their claim asserted directly under the California Constitution is cognizable.   Section 1983 provides a basis for vindicating violations of federal rights conferred by the U.S. Constitution or federal statutory law; it does not permit plaintiffs to sue for violation of rights conferred by state constitutions.   (*Albright*, 510 U.S. 271; *Wyatt*, 504 U.S. at 161.)   The twelfth cause of action for violation of Article 1, § 28 fails to state a cognizable claim.

## III.   CONCLUSION

For the reasons set forth in the moving papers and above, defendants respectfully submit that the instant motion to dismiss plaintiffs' second amended complaint should be granted, and should be granted without leave to amend as to the claims against Chief CANTANDO, Fourteenth Amendment claims on LAWRENCE's behalf and claims for violation of the California Constitution.

Dated:  October 1, 2014                              BERTRAND, FOX & ELLIOT

By:   _____/s/_____
     Gregory M. Fox
     Attorneys for Defendants
     CITY OF ANTIOCH, CHIEF ALAN
     CANTANDO and OFFICER JAMES STENGER