UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JOHN BURNS, et al., | No. 3:14-cv-00535-LB |
| Plaintiffs, | **ORDER REGARDING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** |
| v. | |
| CITY OF CONCORD, et al., | [Re: ECF No. 96] |
| Defendants. | |

On November 5, 2015, which was the deadline for filing an amended complaint, the plaintiffs filed a motion for leave to file a fourth amended complaint. (*See* ECF Nos. 95, 96.[1])

Under Rule 15, after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. This leave policy is applied with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). A court considers five factors to determine whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Delay alone is insufficient to justify denial of leave to amend. *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997). Of the

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

No. 3:14-cv-00535-LB
ORDER

factors, prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *See Eminence Capital*, 316 F.3d at 1052. Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend. *See id.* The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

At the initial case-management conference, the court set deadlines to allow 1) the plaintiffs to conduct discovery, 2) the parties to engage in settlement discussions, 3) the plaintiffs to have time to conform the pleadings to the discovery (by narrowing claims or identifying defendants), and 4) to finish discovery in an orderly fashion after the pleadings were settled. The whole point was to have an opportunity to file an amended complaint. Under the liberal Rule 15(a) standard, the court grants leave to amend.

As discussed at the hearing, though, the plaintiffs will try to slim the complaint further by eliminating certain defendants. To allow this to happen in an orderly fashion, the court gave the plaintiffs until January 21, 2016 to file the amended complaint. The defendants will have 14 days to file a responsive pleading. This will result in a hearing for any motion to dismiss of March 17, 2016, at 9:30 a.m. To keep the matter on calendar, the court also sets a case-management conference for March 17, 2016 at 11 a.m. The court also directed the parties to schedule their early neutral evaluation as soon as their schedules permit and in any event before the motions hearing.

**IT IS SO ORDERED.**

Dated: December 11, 2015

LAUREL BEELER
United States Magistrate Judge

No. 3:14-cv-00535-LB
ORDER
2