United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN BURNS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GUY SWANGER, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-00535-LB<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 161 |

The parties filed a discovery letter brief with two issues: (1) disclosure of information about informants, and (2) the appropriateness and scope of a Rule 30(b)(6) deposition on *Monell* issues.[1] The parties also raised other issues in their case-management statement. The court held a hearing on February 16, 2017, and ordered the following.

**1. Discovery About Informants**

The parties dispute whether the plaintiffs are entitled to discovery about what informants said about the decedent Charles Burns, and the identity and reliability of the informants. The court

---

[1] Discovery Letter Brief — ECF No. 161. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER — No. 14-cv-00535-LB

1  ordered discovery about what the informants said about Mr. Burns and the informants' reliability.
2  The court denied the request for disclosure of the informants' identities.

3  Preserving an informant's anonymity protects the public interest in effective law enforcement,
4  but the privilege is not absolute. It is qualified and gives way when the informant's identity or
5  knowledge — as in the case of a percipient witness — is relevant and helpful to the defense or is
6  essential to a fair determination of a case. *Roviaro v. United States*, 353 U.S. 53, 60–61, 63 (1957).

7  The court cannot discern at this point how the informants' identities are relevant and helpful to
8  the defense or is essential to a fair trial. *Id.* at 60–61. The issue is not whether the information
9  from informants actually was accurate and reliable and instead is whether the affiant (and
10 potentially others) reasonably relied on the information.

11 By contrast, discovery about informant information and reliability is relevant. The informants
12 are not percipient witnesses, but information from them was the basis for the search warrant and
13 the acts that caused Mr. Burns's death. The reasonableness of the law-enforcement actions that
14 day turns on what the officers knew and what they reasonably relied on. And at least for the lead
15 investigative officer, he knew more about the informants than he put in the search-warrant
16 affidavit. The court draws this conclusion because the affidavit is slim on details about the
17 informants, including their incentives to cooperate and their reliability. Information about the
18 informants' reliability — such as criminal history, pending charges, payments and other incentives
19 to cooperate, or previous provision of reliable information — is relevant to the assessment of
20 whether reliance on informant information was reasonable and thus whether the affiant's (and
21 possibly others') subsequent actions to execute the warrant and detain Mr. Burns were reasonable.
22 Moreover, information that the informants gave about Mr. Burns is relevant.

23 Nothing in the Rule 26(b) analysis changes the conclusion that discovery is appropriate about
24 the reliability of the informants or the information that they gave about Mr. Burns:

25 > Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the
26 > importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the
27 > discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need
28 > not be admissible in evidence to be discoverable.

Fed. R. Civ. P. Rule 26(b)(1).

The information is relevant, the defendants have sole access to it, the issues are important, and the court defined the scope of discovery to limit burden. The scope is as follows. If the informants provided more information about Mr. Burns than is in the search-warrant affidavit, then the defendants must disclose it. They also must disclose information relevant to reliability (such as incentives, pending charges, prior work with law enforcement tending to establish reliability, or no prior work with law enforcement). This is standard stuff in federal affidavits and should be in the informant files. (The court described examples more particularly at the hearing.) The information can be produced pursuant to a protective order. The court also described how information can be more general to protect against identifying an informant (*e.g.*, "pending narcotics charges" versus "a narcotics case charged on May 3, 2013 in Alameda County"). The court is not expecting production of anything other than what the officers actually knew (or did not know). The point is to allow a fair assessment of the reasonableness of the officers' reliance on the informants.

Given this ruling, the court extended the time period to respond to the requests for production to March 2, 2017. The deadline to file a discovery brief regarding the sufficiency of the production is March 9, 2017, absent stipulation of the parties or further order of the court. The court will review any material *in camera* if necessary but expects that production pursuant to a protective order will satisfy the defendants' concerns.

## 2. Rule 30(b)(6) Deposition

The court will allow the deposition but directs the parties to confer to identify the scope more precisely. Generally, this will be directed at the *Monell* claim and be targeted to policies, training, and the context for this litigation. The deposition will take place after the informant disclosures. Thus, the close of fact discovery on March 6 will not prevent this deposition.

## 3. Depositions of Two Witnesses

The County officer defendants want to depose two fact witnesses: Kelly Glaze (Mr. Burns's significant other) and Mr. Quintanilla (Mr. Burns's roommate). Neither is a percipient witness,

their testimony will not affect the summary-judgment hearing, and counsel represents that it has been difficult to locate them. The court will allow the depositions after fact discovery closes.

### 4. Disclosure Deadlines and Other Case Management (Including Settlement Referral)

The court does not extend the deadline for fact discovery except as provided in this order.

At the parties' request, the court refers the case to Chief Magistrate Judge Joseph C. Spero to hold a settlement conference after the informant disclosures, which — even if disputed — should be completed by March 15. The parties may alter their expert-disclosure deadlines by stipulation to allow a pre-expert settlement conference.

The court will allow an early summary-judgment motion on behalf of Mr. Bell and the defendants involved in Mr. Lawrence's detention.[2] The defendants may notice it when they deem it appropriate. The parties may file a second motion after the settlement conference. The parties' scheduling chart has a "last hearing date" for dispositive motions of July 31, 2017. That is a mistake because July 31 is a Monday, and the court hears motions on Thursdays. The court thus moves the hearing to August 3, 2017, at 9:30 a.m., which means that the parties' filing date is June 29, 2017.

**IT IS SO ORDERED.**

Dated: February 16, 2017

LAUREL BEELER
United States Magistrate Judge

---

[2] *See* Order — ECF No. 136 at 12–13 (describing remaining theories of liability).